No. 66.—ANN E. McDOUGALD, administratrix, plaintiff in error, *vs.* JOHN BANKS, defendant.

[1.] A cause being on trial after an appeal, and the plaintiff having opened and closed his case, defendant proposed to read to the Jury a plea of *plene administravit prœter*, upon the statement of counsel in the cause, that he had written out the plea six months previous; that he had filed the same plea in other cases wherein the same party was defendant, and in which counsel engaged in the present cause for the plaintiff was interested, and had announced, in hearing of said plaintiff's counsel, that the defendant would rely upon the same plea in all cases where she was sued, as in this case, as administratrix; that the plea had been in his desk from the beginning of the Term, and that he considered the plea as filed, and that the announcement made by him was notice to the plaintiff's counsel of the filing of the plea: *Held*, that the plea was not regularly *filed*, and that the defendant could not *then* file it.

[2.] Partners consent and agree among themselves, that certain wharf lots belonging to the partnership, shall be rented out annually, and that each partner shall be entitled to his proportion of the rent, to be regulated by the amount of his interest in the property, and shall collect the same from the lessee, and settle with· him therefor : *Held,* that it is competent for partners to enter into such an agreement, and that it is binding, *inter sese : Held,* also, that a party renting with knowledge of such agreement, contracts with each partner to pay to him his proportion of the rent, and that each partner has the legal title to his proportion of the rent, and may sue in his own name for the same. *Held,* that in a suit by one partner to recover his proportion of the rent, another partner called by the plaintiff to prove the agreement and the renting by the defendant, is a competent witness.

[3.] *Held,* that to take advantage of the first section of the Statute of Frauds, declaring parol leases void, it is necessary to plead it, unless the pleadings of the plaintiff show that his case is not within the exceptions to that Statute.

Assumpsit, in Muscogee Superior Court. Tried before Judge IVERSON, December Term, 1853.

The defendant in error, John Banks, was a member of the Columbus Wharf Company, and owned one-fourth part of the property of said company. It was the custom of the members of the company to rent out their property, and each one collect his portion of the rent from the lessees.

Daniel McDougald, the intestate of plaintiff in error, had leased for several years previous to his death, a portion of the property of the company, and this action was brought by Banks against Mrs. McDougald, administratrix of Daniel McDougald, for his portion of the rent due and owing by McDougald for the same.

The cause came on to be tried on the appeal, when counsel for the plaintiff proceeded to open ; and when he had closed his case, Henry L. Benning, counsel for defendant, opened the case for the defendant, and proceeded to read the plea, which he had in his hand, and which was a plea of "*plene administravit præter,*" to the reading of which plea counsel for plaintiff objected, upon the ground that no plea had been filed in the case.

McDougald *vs.* Banks.

Whereupon, Henry J. Devon, of counsel for defendant, stated that the pleas had been made out by him for six months, and had been in his desk in Court ever since the beginning of that term of the Court; that there were other cases in Court against Mrs. McDougald, as administratrix, in which Wm. Dougherty was counsel, and that he had announced to him, (Dougherty,) that the plea of "*plene administravit*" was pleaded, and relied upon in all the cases against Mrs. McDougald, and that he considered this as notice to said Dougherty of the filing of the plea in this case, and that he (Devon) considered the plea as filed.

Whereupon, the said Wm. Dougherty stated that he had not had notice of the pleas in the case, but he did not say that he had not heard the announcement of the said Devon, that the plea of *plene administravit præter* was pleaded by Mrs. McDougald in all cases in which she was defendant, as administratrix.

And thereupon, the said Benning stated to the Court that he had been brought into the case as counsel not twenty minutes before the case was called for trial, and that he had been informed by Devon, that the pleas were filed, and that relying upon this statement he had announced that the defendant was ready for trial, and the said Benning then and there applied to the Court for leave to file the pleas, in case the Court should consider them as not filed.

The Court decided that the pleas had not been filed, and refused to allow them to be then filed. To which decisions of the Court, counsel for defendant excepted.

On the trial, counsel for plaintiff introduced as a witness, Dozier Thornton, one of the original members of the Columbus Wharf Company, to prove the custom of the members of said company, in leasing their property, as also the indebtedness of Daniel McDougald.

To the competency of this witness, counsel for defendant objected.

The Court overruled the objection, and counsel for defendant excepted.

Counsel for defendant requested the Court to charge the Jury, " that if they believe from the evidence, that the contract sued upon, was for the rent of land, they must find for the defendant, unless the contract or some memorandum therof was in writing and signed by Daniel McDougald, or by some person authorized by him ; and that if they believed from the evidence, that the contract sued on and proved by Thornton, was made with the corporation, known as the Columbus Wharf Company, they must find for the defendant ; which charges the Court refused to give ; but did charge the Jury, that it was competent for the parties owning the property to change the mode of renting, and to agree amongst themselves to rent the property so that the lessor should account to, and settle with, each member for his share of the rent ; and that if such agreement was made, and the property rented with that understanding, to the lessor, then the plaintiff had the right to sue for and recover in his own name, his portion of the rent."

To which charge, and refusal to charge, counsel for defendant excepted, and upon these several exceptions has assigned error.

JONES, BENNING & JONES, for plaintiff in error.

WM. DOUGHERTY, for defendant in errror.

*By the Court.*—NISBET, J. delivering the opinion.

Questions of very grave moment are raised on this record, growing out of the corporate character of the proprietors of the Columbus Wharf Lots. Col. Benning having waived them, however, in the argument, this Court expresses no opinion upon any of them.

[1.] The Court, as we view the matter, did not err in deciding that the pleas were not regularly filed. Under no rule of practice were they regularly in. Indeed, to no legal or practical intent, had they been filed. The cause seems to have been several years in Court, and was on trial after the appeal.

McDougald *vs.* Banks.

The plaintiff had opened and concluded his case. Then it was that the Court was called upon to say : 1st. Whether the plea proposed to be read by the counsel for the defendant, had been filed. Mr. Devon, who was original counsel for the defend-·ant, (Col. Benning having been only a few minutes before taken into the case,) stated that the plea had been made out by him for six months, and had been in his desk in Court, since the beginning of the term ; that there were other cases in Court against Mrs. McDougald, as administratrix, in which Mr. Dougherty was concerned, and that he had announced to him that this -plea (*plene administravit præter*) was pleaded and relied upon in all the cases against her, and that he consider-ed this, notice to him of the filing of the plea in this case ; and that he, Devon, considered the plea filed. Mr. Dougher-ty stated that he had not had notice of the plea, but did not say that he did not hear Mr. Devon's announcement.

I cannot determine from the bill, whether Mr. Devon's an-nouncement was at the term preceeding the trial term of this cause, or during the then pending term. Let it be taken most favorably for him, as being made at the pending term, and we cannot rule the plea to have been filed, or any proper no-tice to have been given, that the defendant would rely upon it. The filing must be effected by a deposit of the plea in the Clerk's office, and in no other way can it be done. It is filed for inspection, and it cannot be inspected without filing. A plea may be written out in time, and notice of the party's in-tention to rely upon it duly given, and no facility be afforded to the plaintiff for preparation to contest it. An announce-ment in the hearing of opposing counsel, such as was made by Mr. Devon, is not notice of a plea—he must have notice, not that the defendant will rely upon a given defence, but of the defence itself. There is no evidence that Mr. Dougherty ever saw this plea until counsel proposed to read it on the tri-al—a plea, involving the settlement of a large estate.

The Court, secondly, was asked to permit the plea *then* to be filed, and refused the request. We do not see how he could do otherwise. No diligence had been used by the defendant ;

the case was in the last resort, and the cause had been submitted to the Jury by the plaintiff. The application was to the discretion of the Court. We cannot say that his discretion was abused. It was not an application even to amend the pleadings, for the defendant had filed no plea. The case was only not in default by the appearance of the party. The result of granting the request of Mr. Benning, would have been a continuance, in the face of an utter absence of all diligence on the part of the defendant, when the cause had been in Court for several years; or a trial without the opportunity of contesting the plea. There could be no equity in putting the plaintiff upon an alternative so oppressive.

The rules of Court would have been wholly disregarded. The administration of the law is most effectual—indeed can only be just—when the rules of practice are observed.

[2.] We also think, that Dozier Thornton was a competent witness. He was offered to prove the agreement among the members of the Wharf Company, that the Wharf Lots should be rented annually, and that each proprietor should be entitled to receive from the lessee, his proportion of the rent; also to prove that McDougald in his life, had rented the property for a year, under this arrangement. He, the witness, was one of the company, owning a part of the property and entitled to his proportion of the rent from the estate of McDougald. We do not think that he was incompetent from interest. According to the agreement among themselves, McDougald being one of them, each member of the company became the creditor of the lessee for his proportion of the rent, which he was entitled to collect on his own account. The lessee, in this instance, is proven to have had notice of this agreement. When, therefore, he rented the common property, he entered into a contract with each proprietor to pay *him* his proportion of the sum agreed upon for the rent of the whole, to be regulated by the number of shares which he held in the partnership. For this seems to have been a partnership founded upon real estate, held jointly by a number of gentlemen. Such an agreement among the partners, it was competent for them

to make, and when made, it was binding upon them all.    For it is competent for partners to agree among themselves as to the manner in which the partnership property shall be used. It is competent for them to enter into' new articles and arrangements for the government of the concern, which are obligatory *inter sese*.    *Story on Partnership*, §192.    2 *Bligh. R.* 271, 297, 298.    1 *Swanst. R.* 460,    469.    *Turn. & Russ. R.* 496, 523.    *Gow. on Partnership, p.* 9 & 10, 3*d edition*.

Upon a contract being made then, under the agreement between these partners with McDougald, for the lease of these wharf lots, the legal title to his proportion of the rent vested in each proprietor.    It was as though separate contracts had been made with each, and each partner had a right to sue for his share of the rent.    Such being the state of the case, I do not see how Thornton, who is entitled to sue for his proportion of the rent, can be interested in the event of a suit by Banks for his proportion.    Banks and Thornton are separate creditors of the same debtor, for rent due, for land which each owns, and which for convenience, has been converted into partnership stock.    No matter what were the original articles of partnership, the partners having consented to this mode of renting the property, the consent bound them, and it is not with the renter, himself a partner, to deny his obligation to pay.    The verdict in Banks' suit could not be evidence for Thornton in a suit for his rent; he could neither gain nor lose by the event of Banks' suit.    He would stand as would any other creditor —upon his contract with McDougald—and the recovery of Banks would be a discharge of McDougald to the extent of that recovery.    It is true, that Thornton occupies the same situation, relatively, to McDougald, that Banks occupies, for whom he is called to give evidence, and may be presumed to be under a strong bias in his favor; but he is, notwithstanding, a competent witness, unless interested.    His identity of situation goes to his credibility, and not to his competency.    1 *Philips' Evid.* 2*d edition, p.* 47, *note* 84, *page* 89.

[3.] The Court was requested to instruct the Jury, that the lease of McDougald being by parol, it was void by the Stat-

ute of Frauds, and therefore, they must find for the defendant. The Statute was not pleaded. It is a safe rule always, to plead the Statute. It is *necessary* to plead the section of that Statute relied upon in this instance.

To the first section of the Statute, which makes void all leases, &c. for lands, made by parol, the second section makes exception of " all leases, not exceeding the term of three years from the making thereof, whereupon the rent reserved to the landlord, during such term, shall amount unto two-thirds part at least, of the full improved value of the thing demised." *Prince's Dig.* 914. The party plaintiff ought to be warned of the defence of the Statute, that he may prepare to bring his case within the exceptions. Whether a lease is, or. not, within the exception, depends upon two facts, to wit : it must be for a term not exceeding three years, and the rent reserved by it, must be equal to two-thirds of the improved value of the premises. These are issuable facts, and unless by the pleadings they are admitted not to exist, I do not see how the question of the Statute can be made without a plea, which ought not only to set forth the section which makes void parol leases, but which ought also to negative the coming of the case within the exceptions. It does not appear from the plaintiff's declaration, that this lease was for more than three years, nor does that fact appear in the evidence ; for it seems, from the proof, that McDougald's renting was for one year at a time. Certainly, it does not appear from the pleadings that the rent reserved did not amount to two-thirds the improved value of the lots. About that fact, there is no evidence whatever. These things being so, I am satisfied that the Court could not instruct as to the effect of the Statute on the case.

To the extent that the proof and the pleadings go, to wit : to the extent of showing that McDougald's lease was for a less term than three years, the case was within the exception. The other exceptionable fact, as to the amount of rent reserved, was not in any way before the Court or the Jury. See *Cody vs. Quarterman*, 12 *Ga. R.* 386.

Let the judgment be affirmed.