## CHILDERS v. TALBOTT.

*(Supreme Court of New Mexico. January, 1888.)*

1. FRAUDS, STATUTE OF—29 CHAS. II. CH. 3, IN FORCE IN NEW MEXICO.
    The statute of frauds (29 Chas. II. *c.* 3) *held* to be in force in New Mexico.
2. SAME—AGREEMENTS RELATING TO LAND ORAL LEASES.
    In an action to recover rent for lands under an oral lease for one year, it was shown that the tenant took possession, and held for part of the term, and quit without sufficient reason. The rent reserved was the full rental value of the premises. *Held,* that the lease was not void, as, by the statute of frauds, (29 Chas. II. *c.* 3, § 2,) oral leases not to extend beyond three years are excepted from the provisions of section 4, requiring all contracts for a sale or interest in land to be in writing.

Appeal from district court, Bernalillo county.

*Assumpsit* by plaintiff, W. B. Childers, against defendant, William E. Talbott, for rent. Defendant pleaded the statute of frauds, and on trial to the court, judgment for defendant, and plaintiff appealed.

HENDERSON, J. The plaintiff, Childers, as trustee, brought an action of *assumpsit* against the defendant, Talbott, to recover an alleged balance due on a parol lease of a house in the town of Albuquerque. The declaration is in two counts; one on an alleged contract of lease, and the other for use and occupation. The defendant pleaded the general issue. The case was submitted to a jury, and, under instructions of the court, a verdict for the plaintiff was returned. Afterwards the defendant moved for a new trial; among other grounds, alleging that the statute of frauds was in force in the territory, and that the contract of letting disclosed by the evidence was not in writing, and was an agreement not to be performed within a year from the making thereof. The motion was sustained, and, by stipulation filed, a jury was waived, and cause submitted to the court on the evidence taken at the former trial, together with the further stipulation that the amount of rent reserved to the landlord was the full amount for which the premises could be rented at the time of the letting.

The facts may be stated as follows: In March, 1883, defendant agreed with the plaintiff to rent the premises for one year beginning on the first day of April, 1883, at a monthly rental of $60 per month. The term was to be for one year, provided the plaintiff obtained a renewal of the ground lease of the lots upon which the house stood. The defendant went into possession on the first day of April; and on the fourteenth day of July, without notice to the plaintiff, quit the premises, after having paid three months' rent, and tendering rent for the fractional part of the month of July he occupied the house. On the twenty-third day of May the plaintiff obtained a renewal of the ground lease, and during the time the defendant occupied the premises made out and offered him a lease in writing, in substance containing the terms of the oral agreement. The chief reason assigned by defendant for quitting the premises was the closing of a door connecting his part of the premises (used as a saloon) with another portion of the same building in the possession of a tenant, and used as an opera-house. The opera-house was vacant when defendant went into possession, and was again vacant when he left. It is insisted on behalf of appellee that the contract of letting was at all times executory, and never became, either by operation of law, or by the act of the parties, an

·executed contract. After refusing certain requests of the plaintiff for declarations of law defining his right under the evidence, the court found for the ·defendant. To the refusal of the court to give the instruction or declaration of law moved by the plaintiff exception was taken, a motion for a new trial was filed, and overruled, and a bill of exceptions taken. The plaintiff assigns ·error as follows: (1) The court erred in refusing to hold, and declare the law to be, that a parol lease to expire three years from the making thereof was valid; (2) the court erred in holding that a parol lease to extend beyond a year from the making thereof comes within that clause of the fourth section of the ·statute of frauds (29 Chas. II. c. 3) requiring an agreement that is not to be performed within a year from the making thereof to be in writing; (3) the ·court erred in holding that the statute of frauds is in force in New Mexico; (4) the court erred in giving judgment for defendant.

The third assignment will be considered first, for, if we hold that the statute is not in force, that will dispose of the first and second grounds of error, ·as here assigned. We held, in *Browning* v. *Browning,* 9 Pac. Rep. 677,[1] that the common law, together with all British statutes of a general nature not local to that country, nor in conflict with the constitution and our form of government and institutions, passed prior to the separation, and in force at that time, formed a part of the law of this territory, except where the laws of congress or our local legislature had otherwise provided. The statute of frauds was general in its character, not local to England, within the meaning of the ·court in the case above cited; nor is it in any particular inapplicable to our situation, or in conflict with local enactments. This statute was in force at the date of the separation of the colonies. It was enacted to prevent frauds .and perjuries, and has had a very wholesome effect in England and in America, wherever adopted. No reason has been suggested in argument, nor any per- ·ceived, why such a statute should not be in force in New Mexico. The statute is, for the reasons stated, in force here.

The refusal of the court to declare that a parol lease for a longer period than ·one year, and not exceeding three years, from the making thereof, where the rent reserved to the landlord was two-thirds of the full rental value of the demised premises, was valid, is made the first ground of error here. Appellant ·contends that the lease is within the second section of the statute, and for that reason is valid, notwithstanding it is not in writing, and ran for more than one year from the making until the end of the term. The second section ·of the statute of frauds is as follows: "Except, nevertheless, all leases not ex- ·ceeding the term of three years from the making thereof, whereupon the rent reserved to the landlord during such term shall amount to two-thirds part at the least of the thing demised." This section follows the first, declaring that "all leases, estate, interests of freehold, or terms of years, or any uncertain interest of, in, or out of any messuages, manors, lands, tenements, or hereditaments made or created by livery and seizin only, or by parol, and not put in writing, and signed by the parties so making or creating the same, or their .agents thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either at law or equity, be ·deemed or taken to have any other or greater force or effect; any consideration for making any such parol leases or estates, or any former law or usage, to the contrary notwithstanding." The fourth, fifth, and sixth clauses of the fourth section, relied upon by appellees, are as follows: "No action shall be brought upon any contract or sale of lands, tenements, or hereditaments, or .any interest in or concerning them, or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the .agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, signed by the party to be charged therewith, ·or by some person thereunto by him lawfully authorized." The term began in this case in March, 1883, and was to expire on the first April, 1884. The

[1] Same case, 3 N. M. 371.

rent reserved was the full rental value of the demised premises at the date of the making of the contract.

Appellee contends, however, that the lease is void under the fourth section of the statute of frauds, because not in writing, and for the further reason that the rent reserved is not "at the least two-thirds parts of the value of the thing demised," and therefore not within the second clause of the second section of the statute; that the true construction of this clause is the improved value of the fee, and not the rental value of the demised premises. It is further contended on behalf of appellee that the contract was a mere executory agreement for a lease, in writing, and that, notwithstanding the entry and payment of rent, it was never anything more than an agreement for a future lease, upon conditions which were never fulfilled until the tenancy created by the entry was at an end by the refusal of the appellee to continue the possession, and that during this time he was but a tenant at sufferance, or at will, at most, of the landlord, and such tenancy could be terminated at the will of either party without notice. Had the appellee insisted at the time upon this condition, and had stood upon his right to claim and demand the renewal lease from the owners of the lots by the plaintiff, and then a written lease, so as to fix his estate in the term, it might have been that the parol agreement would have been void as a lease, except in so far as it related to the amount to be paid while the defendant actually occupied the premises. As we have said, the evidence certainly tends to prove that the condition was not insisted upon by appellee, and it is positively true that he continued in the occupation of the premises after appellant had done all he agreed to do as a condition to a tenancy for the period named.

The question presented upon the construction or application of the statute of frauds, as applied to a lease of the term and character of the one found in this record, has been frequently before the courts of England and this country, and a long line of decisions had thereon. The supreme court of Maryland, where the English statute is substantially adopted as it was found in the mother country, in passing upon a similar question, said: "It is now fully settled that the effect of the first, second, and fourth sections of the statute of frauds, taken together, as far as they apply to parol leases not exceeding three years from the making thereof, is this: that the leases are valid, and that whatever remedy can be had upon them in their character of leases may be resorted to; but they do not confer the right to sue the lessee for damages for not taking possession; and until entry by the lessee the whole estate and right of possession remain in the lessor, the lessee having but an *interesse termini*, and nothing more." *Banking Co.* v. *Gittings*, 45 Md. 181, citing Litt. §§ 58, 459; Co. Litt. 270; *Doe* v. *Walker*, 5 Barn. & C. 111. This was the opinion of BAYLEY, B., in *Edge* v. *Stafford*, 1 Cromp. & J. 391, and his exposition of the statute has been approved in several subsequent cases. *Vide Bolton* v. *Tomlin*, 5 Adol. & E. 856; *Lowe* v. *Ross*, 5 Exch. 553. Such leases are considered as excepted, by the second section of the statute, from the operation of the fourth. Such exception is not confined to leases which commence from the time of the making, but extend to others, provided the term does not exceed three years from the making thereof. A lease for a year and a half, to commence after the expiration of a lease which has a year to run, is a good lease, within the statute, as it does not exceed three years from the making thereof. *Ryley* v. *Hicks*, 1 Strange, 651. Notwithstanding an action will not lie on such an agreement while it is merely executory, that is until entry thereunder by the lessee, yet, when a tenancy has been actually created and rent paid, or by entry alone, an action will lie, and the terms of the tenancy may be proved by parol. *Inman* v. *Stamp*, 1 Starkie, 12; *Bolton* v. *Tomlin*, 5 Adol. & E. 856. And having entered and taken possession as tenant, and started the term, he will be deemed to hold during the continuance of the term, and until it be legally determined whether he occupies the

premises or not. A constructive holding or occupation as tenant is sufficient, after entry, without actual occupation or enjoyment. *Jones* v. *Reynolds*, 7 Car. & P. 335.

But appellee says: Admit that a parol lease for a term of three years or less from the making thereof is good as to *time*, still the second clause of the second section of the statute is not complied with, because the rent reserved to the landlord is not "two-thirds part at the least of the improved value of the thing demised;" which means, according to his construction, two-thirds of the improved value of the fee. This clause is satisfied, according to the authorities, by showing that the rent reserved is at least two-thirds of the *rental value* of the demised premises. *Banking Co.* v. *Gittings*, 45 Md. 181; *Birckhead* v. *Cummings*, 33 N. J. Law, 44; *Cody* v. *Quarterman*, 12 Ga. 386. Where the plaintiff's declaration discloses a parol lease within the second section of the statute, and the defendant does not plead the statute specially as a defense, it has been held by the supreme court of Georgia that the amount of rent reserved is not before the court, and cannot be considered. *McDougald* v. *Banks*, 13 Ga. 451. The leased premises in this case were rented for their full rental value for the term, and we think this satisfies the statute.

The judgment is reversed, and cause remanded for further proceedings.

LONG, C. J., and REEVES, J., concur.