Kingston v. Walters.

[No. 1148, January 17, 1908.]

JOHN H. KINGSTON and W. D. MAHONEY, Appellants, v. J. W. WALTERS, Appellee.

SYLLABUS (BY THE COURT).

1.  The statute of frauds is in force in this Territory.

2.  Even where a contract required to be in writing, because it relates to the transfer of real estate, is verbally changed as to the time of payment, a court of equity will intervene and order a performance, when the refusal to assume jurisdiction on account of the statute of frauds would amount to permitting a fraud to be committed.

3.  Under our code of civil procedure there is in this Territory but one form of civil action, and a complaint will not be dismissed when it sets up a cause of action which is good either in law or equity, because the plaintiff has misconceived the nature of his remediable right, and has asked for a legal remedy when it should have been equitable, or for an equitable remedy when it should have been legal.

Appeal from the District Court for Chaves County, before W. H. POPE, Associate Justice. Reversed and Remanded.

ALEXANDER J. NISBET and D. D. TEMPLE. for Appellants.

A written contract may be voided or changed by a contemporaneous oral agreement. Kirchner v. Laughlin, 4 N. M. 386, 393, 394; Cummings v. Arnold, 3 Met. 486, Am. Dec. 37-155; Stearns v. Hall, 9 Cush. 31; Longfellow v. Moore et al, 102 Ill. 294; Flemings v. Gilbert, 7 Johns 528; Mayor etc., v. Butler, 1 Barb. 337; Young v. Hunter, 6 N. Y. 204; Keating v. Price, 1 Johns., cas. 22; Esmond v. Van Benschoten, 12 Barb. 336; Clark v. Dales, 20 Barb. 42; Dodge v. Crandall, 30 N. Y. 306; Whittier et al v. Dana et al, 10 Allen 326; Norman v. Waite, 46 N. W. 639. 643; Thompson v. Poor et al, 42 N. E. 13-15; Michels v. Olmstear, 14 Fed. R. 219; Brown on Statute of Frauds, secs. 409 (b), 423; Swain v. Seamens, 9 Wall. 271, 272; Dimple v. Ryan, 116 U. S. 491; following cases not applicable and distinguished: Pond v. Sceehan, Ill., 8 L. R. A. 417; Daown v. Drew, 42 Atl. 177; Townsend v. Houston,

Kingston v. Walters.

27 A. D. 145, note; Christy v. Bernhart, 53 A. D. 541; Glass v. Aulbert, 102 Mass. 28, 3 A. R. 421, 434; Athe v. Bartholomew, 33 N. W. 110; Thompson v. Poor, 42 N. E. 13.

RICHARDSON, REID & HERVEY for Appellee.

The statute of frauds is in force in New Mexico. 29 Car. II. C. 3; Childers v. Talbot, 4 N. M. 168; Browning v. Browning, 3 N. M. 371. A contract within the statute of frauds can not be altered by parol agreement. Within the rule the time of performance cannot be extended or changed. 29 A. & E. Enc. Law, 2 ed. 824, 825; Kirchner v. Laughlin, 4 N. M. 394; Emerson v. Slater, 22 How. 42; Swain v. Seamens, 9 Wall. 271, 272; Healey v. Swanstrom, 40 Minn. 200, 41 N. W. 1030; Rucker v. Harrington, 52 Mo. App. 488; Stearns v. Hall, 9 Cush. 31, apparent exception; Whittier et al v. Dana et al, 10 Allen 326; Abel v. Dunston, 100 Am. Dec. 169; Cuff v. Penn, 1 Maule & S. 21; Harris v. Murphy, 56 L. R. A. 671, note; Hasbrouck v. Tappen, 15 John 200; Blood v. Goodrich, 9 Gend. 667; Thompson v. Poor, 42 N. E. 13; Athe v. Bartholomew, 33 N. W. 110; Abel v. Munson, 18 Mich. 305; Cook v. Bell, 18 Mich. 387.

The payment of a part or even the whole of the purchase money constitutes no such part performance as takes the case out of the statute of frauds. Purcell v. Coleman, 4 Wall. 513; Dimply v. Ryan, 116 U. S. 491; Pond v. Sheehan, Ill., 8 L. R. A. 417; Daown v. Drew, 67 N. H. 569, 42 Atl. 177; Houston v. Townsend, 12 A. D. 140, note; Townsend v. Houston, 27 A. D. 745, note; Christy v. Bernhart, 53 A. D. 541; Glass v. Aulbert, 102 Mass. 28, 3 A. R. 421, 434; McPherson v. Wiswell, 21 N. W. 393; Douglass v. Snow, 77 Me. 93; Blodgett v. Hildreth, 103 Mass. 486; 29 A. & E. Enc. Law, 2 ed. 831, et seq.

### STATEMENT OF FACTS

The record in this case discloses that on August 11th, 1904, the defendant and plaintiffs entered into a written agreement regarding the sale and purchase of certain lands, which agreement is in words and figures as follows, to-wit:

Kingston v. Walters.

"McMillan, N. M., Aug. 11th, 1904.

"Received of John H. Kingston and W. D. Mahoney, one hundred dollars, part payment for 400 acres of land located in Section 19 and 20 in Twp. 19 S. range 26 E. There is to be $200.00 more paid on or before the 15th day from date.

On payment of said $200.00 as stipulated the undersigned will place with the Citizens National Bank of Roswell quit-claim deeds for said land to be delivered on payment of $900.00 on or before 90 days from date.

Failure to make payments as stipulated works a forfeiture of amount paid.

J. W. WALTERS."

The complaint sets out that at the same time and place mentioned in the written contract, the defendant entered into and made a subsequent oral contract extending for the period of five days the time in which to make the second payment of $200.00 and that afterwards, on the 20th day of August, 1904, plaintiffs paid the defendant the sum of $100.00 to apply on said contract, and again, on August 31st, 1904, plaintiffs were ready and willing to pay the remaining $100.00 to be paid within the time in which said $200.00 was to be paid, and were prevented from so doing by defendant, who absented himself from his usual place of business in Roswell, N. M., and remained absent for some time.

Plaintiffs also allege that they have always been ready and willing, and are still ready and willing to fulfill said agreement, and that on November 9th, 1904, at Roswell, N. M., they tendered to defendant the balance of $1000.00 of said purchase money, and requested a conveyance of the real estate, but defendant refused and still refuses to execute and deliver same to plaintiff. Plaintiffs claim damages in the sum of $2,800.00.

To the complaint the defendant demurred, which demurrer was sustained by the court, and plaintiffs electing to stand on their demurrer the cause was dismissed.

Motion for rehearing was filed and overruled, and an appeal to the Supreme Court was granted.

Kingston v. Walters.

## OPINION OF THE COURT.

MILLS, C. J.—To the complaint filed in this case, the defendant demurred, and the principal ground relied on in the demurrer is the statute of frauds, defendant claiming that the complaint shows on its face that the entire contract sued on, and which concerned the transfer of lands, was not in writing, as the complaint sets out that a verbal alteration was made in the terms of the written contract, by which the time for the payment of the second instalment of the purchase price was extended, and that the complaint does not show that there was any consideration for the extension of the time of such payment.

After argument the demurrer was sustained, and plaintiffs refusing to plead further, although time was given them so to do, the action was dismissed. This court has held that the statute of frauds being general in its nature and not local to England, and forming a part of the common law, is in force in this Territory. Childers v. Talbott, 4 N. M. 336.

As in this case the plaintiffs have only asked for monetary damages, and not for any equitable relief, prior to the introduction of the reformed system of pleading, the demurrer was undoubtedly well taken, for the Supreme Court of the United States has announced the doctrine to be that in common law cases, "a written contract within the statute of frauds cannot be varied by any subsequent agreement of the parties unless such new agreement is also in writing." Emerson v. Slater, 22 Howard 28; Swain v. Seamans, 9 Wall. 254.

It is also a well settled rule that courts of equity are as much bound by the statute of frauds as courts of law, and that they cannot specifically enforce contracts embraced by the statute any more than courts of law can give damages for their non-performance. But courts of equity have always been clothed with the salutary power of preventing fraud or affording positive relief against its consequences, and this power they have not hesitated to exercise by compelling the specific execution of a verbal contract to which the provisions of the statute of frauds apply, where the refusal to exercise it would amount to prac-

ticing a fraud. Browne on Statute of Frauds, 5 Ed., Sec. 437.

This case seems to us to come within the rule as laid down in Cheney v. Libby, 134 U. S. 68, where the court says: "But there are other principles, founded in justice, that must control the decision of the present case. Even where time is made material, by express stipulation," (and in the case at bar such is not the case), "the failure of one of the parties to perform a condition within the particular time limited, will not in every case defeat his right to specific performance, if the condition be substantially performed, without unreasonable delay, and no circumstances have intervened that would render it unjust or inequitable to give such relief. The discretion, which a court of equity has to grant or refuse specific performance, and which is always exercised with reference to the circumstances of the particular case before it, (Hennessy v. Woolworth, 128 U. S. 438, 442), may, and of necessity must often be controlled by the conduct of the party who bases his refusal to perform the contract upon the failure of the other party to strictly comply with its conditions. Seton v. Slade, 7 Ves. 265, 279; Levy v. Lindo, 3 Merivale, 81 84; Hudson v. Bartram, 3 Madd. 440, 447; Lilley v. Fifty Associates, 101 Mass. 432, 435; Potter v. Tuttle, 22 Conn. 512, 519. See also Ahl v. Johnson, 20 How. 511, 518."

Believing that this is a case of which a court administering equitable relief should take cognizance, provided it can do so under the pleadings, we will now proceed to briefly examine the complaint, to ascertain whether or not it sets up such a cause of action as would warrant the court to disregard the statute of frauds in order to prevent a fraud.

In this Territory the practice is no longer controlled by the common law forms, for under our code of civil procedure, Sec. 2685, Compiled Laws of 1897, there is but one form of civil action, and a plaintiff may unite in the same complaint several causes of action, both legal and equitable. In other words under the reformed system of pleadings, which our legislature has adopted, litigants are given the relief which the facts in the pleadings show

.them to be entitled to, in one action, whether the relief is equitable, or legal, or both.

The defendant demurred to the complaint, and thus admitted the truth of everything contained in it which is well pleaded, so we must of necessity examine the complaint to see if it sets up a cause of action which is good either in law or equity. It is immaterial that the prayer for relief only asks for a judgment for monetary damages, for it is not the prayer that the court looks to, but the facts as they appear in the body of the complaint. Some courts have gone so far as to hold that under the reformed system of pleading a complaint is good without any prayer for relief, and it now seems to be the well settled doctrine that if a plaintiff has set forth facts constituting a cause of action, and entitling him to some relief, either legal or equitable, his action shall not be dismissed because he has misconceived the nature of his remediable right, and has asked for a legal remedy when it should have been equitable, or for an equitable remedy when it should have been legal. In Emery v. Pease, 20 N. Y. 62, the complaint set out facts which entitled the plaintiff to an accounting, but did not ask for one; it did not aver any settlement, nor ascertained balance due, and demanded judgment for a sum certain. On the trial the case was dismissed, on the ground that it did not set forth facts sufficient to constitute a cause of action. Comstock, J., after stating the old rule by which the action would have been properly dismissed, proceeds: "In determining whether an action will lie, the courts are to have no regard to the old distinction between legal and equitable remedies. Those distinctions are expressly abolished. A suit does not as formerly fail because the plaintiff has made a mistake as to the form of the remedy. If the case which he states entitles him to any remedy, either legal or equitable, his complaint is not to be dismissed because he has prayed for a judgment to which he is not entitled."

The rule is tersely and accurately stated in Grain v. Aldrich, 38 Cal. 514-520, where the court says: "Legal and equitable relief are administered in the same form and according to the same general plan. A party cannot be sent out of court merely because his facts do not entitle

him to relief at law, or merely because he is not entitled to relief in equity, as the case may be. He can be sent out of court only when upon his facts he is entitled to no relief, either in law or in equity." This doctrine is held in nearly all the states where codes of procedure or practice acts have been adopted, and is the general rule. Pomeroy Code Remedies, 4th Ed., Sec. 11, Note 1.

The complaint alleges, that "at the same time and place set out in the written contract" ............. "The defendant entered into and made a subsequent oral contract extending for the period of five days the time in which to make the second payment of $200.00; that on August 20th, 1904, plaintiffs paid defendant the further sum of $100.00 to apply on the contract and on August 31, 1904, were ready and willing to pay the remaining $100.00," but that defendant absented himself from his usual place of business in Roswell, "and remained absent for some time, thereby defeating said payment at that time." A tender of the balance of the purchase price is also alleged.

As above remarked the demurrer admits the truth of everything in the complaint which is well pleaded. It admits the payments of $100 on August 11th, 1904, and a similar amount on August 20th, 1904, before any of the second payment became due; it admits that the time of the second payment was orally extended, as alleged in the complaint and that defendant absented himself from his usual place of business in Roswell, "and remained absent for some time, thereby defeating said payment at that time."

It is evident that the facts as set out in the complaint and admitted by the demurrer are such that a court of equity in order to prevent a fraud will take jurisdiction of this cause, take proofs, and if the facts warrant it order a specific performance of the contract or in lieu thereof award plaintiffs damages, or if the plaintiffs fail in their proofs enter a judgment in favor of defendant.

For the reasons given above the cause is reversed and remanded to the District Court of Chaves County, for

further proceedings in accordance with this opinion, and it is so ordered.

F. W. PARKER, A. J., dissents.

## SYLLABUS (BY THE COURT).

