[No. 2885. Dec. 11, 1925.]

McNEILL v. KASS.

[241 Pac. 1026]

#### SYLLABUS BY THE COURT

Under the statute of frauds, a party relying on a parol lease for less than 3 years need not show affirmatively, in the first instance, that the rent reserved is at least two-thirds of the full rental value of the demised premises; it being matter of defense to negative the fact.

Appeal from District Court, Bernalillo County; Hickey, Judge.

27CJ p. 210 n. 21; p. 379 n. 34 New.

Action by R. L. McNeill against M. Kass. Judgment for plaintiff, and defendant appeals. Reversed, and remanded for a new trial.

Heacock & Melton, of Albuquerque, for appellant.

Downer & Keleher, of Albuquerque, for appellee.

OPINION OF THE COURT

WATSON, J. This is an action of forcible entry and detainer, commenced in justice court, and taken, by appeal, to the district court of Bernalillo county.

Plaintiff (appellee) relied upon a written lease, beginning September 23, 1920, and expiring, as is admitted, September 23, 1922, and upon written notice to vacate, given more than 30 days prior to such expiration. Defendant (appellant), for his defense, pleaded orally, and produced evidence tending to show, that about September or October, 1921, the parties orally agreed to a modification of the lease by reducing the rent from $80 per month, as prescribed in the lease, to $75 per month; that in February, 1922, it was further agreed to reduce the rent to $60 per month; that on June 5, 1922, the parties orally agreed that the defendant should have the premises for one year from June 1, 1922, for a rental of $60 per month for the first 6 months and $70 per month for the last six months. This evidence was all received over plaintiff's objection, but was not submitted to the jury; the court finally ruling that it constituted no defense, and directing a verdict in favor of the plaintiff.

Counsel for appellee concede, in this court, that the cause was tried and decided below upon an erroneous theory. In explanation of this theory, we can perhaps do no better than to quote from appellee's brief:

"If the ruling of this court in the case of Childers v. Talbott, 4 N. M. 336 (16 P. 275), is to be adhered to and followed by this court, the theory upon which this case was decided in the trial court was wrong. Throughout the trial of this case it was assumed by counsel of both parties and by the trial court that a lease for a period of more than 1 year was void and unenforcible under the English statute of fraud. With this premise or assumption

as a basis, the theory adopted by the trial court in decid-
ing this case was substantially as follows: The effect of
the alleged oral lease of June 5, 1922, was to extend the
term of the written lease a period of approximately 8
months and to make the entire term of tenancy of the
defendant 2 years and 8 months. The original contract or
written lease under such a theory was one required to
be in writing, under the statute of fraud. A corollary of
this rule is that no modification or abrogation of a con-
tract within the statute of fraud is permissible, except by
a written contract. The statute was therefore invoked
upon two theories or from two standpoints, that is to say:
(1) That to permit the oral contract in evidence would
make the lease between the parties partly written and
partly oral, which was not permissible under the statute
of fraud; or (2) that the contract of June 5, 1922, being
an oral modification of a lease required to be in writing
under the statute of fraud, was entirely ineffective as
such, and the rights of the parties were, therefore, to be
judged by the written lease, the terms of which the
defendant had confessedly violated.    In order to avoid
these two alternatives the defendant set up a claim of
waiver or estoppel, based upon a claimed part performance
of their oral contract.    The only claim of part perform-
ance and the only evidence thereof was possession of the
premises and the payment of the monthly rent of $60.
Upon this question, the trial court correctly held that the
continuance of a former possession and the payment of
monthly rent was not such a part performance as to take
an oral contract without the statute of frauds. With
the exception of a few incidental questions, this was in
substance the theory of the trial and decision of this case
in the district court."

Counsel seek to save their judgment, however, by
pointing out that, although the ruling of the court
was based upon an erroneous theory, it was legally
correct upon another theory. Their present conten-
tion is that under the English statute of frauds (29
Car.II, ch. 3), frequently held to be in effect in this
state (Browning v. Browning, 3 N. M. 371, 9 P. 677;
Childers v. Talbott, 4 N. M. 336, 16 P. 275; Kingston
v. Walters, 14 N. M. 368, 93 P. 700; Id., 16 N. M. 59,
113 P. 594), as interpreted in Childers v. Talbott,
supra, the defendant's evidence was not sufficient
to constitute a defense, in that he failed to show that
the rent reserved was at least two-thirds of the full
rental value of the demised premises.

Defendant contends that the fact shown, that the
premises in question had rented, since September,

1920, at sums varying from $60 to $80 per month, is sufficient proof that the rent reserved was at least two-thirds of the full rental value of the premises. If it were incumbent upon defendant to make original proof on this point, we should be inclined to doubt the sufficiency of the evidence.

The case then resolves itself to this: Whether it was incumbent upon defendant to show, affirmatively, in order to make his defense, the full rental value of the demised premises, and that the rent reserved in the lease amounted to two-thirds thereof.

Plaintiff cites Gano v. Vanderveer, 34 N. J. Law, 293, which seems so to hold. On the other hand, McDougald v. Banks, 13 Ga. 451, cited in Childers v. Talbott, supra, indicates, to some extent, at least, a contrary view. See case note to Childers v. Lee, 5 N. M. 576 (a retrial of Childers v. Talbott, supra), 25 P. 781, 12 L. R. A. 67. The author of that note has this to say regarding the English decisions:

"Putnam, J., said in an opinion rendered in the case of Ellis v. Paige, 1 Pick, 47, published as a note to Coffin v. Lunt, 2 Pik. 70, that the constructions which had been given by the English courts to the exception in the statute of frauds as to parol leases which did not exceed 3 years, and which reserved a rent amounting 'unto two-thirds part at least of the full improved value of the thing demised,' contained no reference to the clause as to the rent reserved, and that the exception as to the matter was practically useless."

So far as we know, Maryland is the only jurisdiction in the United States, aside from this, in which sections 1 and 2 of the English statute of frauds are still in force. Tiffany's Landlord and Tenant, p. 224. In Union Banking Co. v. Gittings, 45 Md. 181, also cited in Childers v. Talbott, supra, the question was squarely before the court. The defendant requested an instruction as follows:

"The jury cannot find that the contract of writing in this case comes within the second section of the statute of frauds, because there is no evidence in the case that the rent received on these premises amounted to two-thirds at least of the full improved value thereof."

As to the failure to give this requested instruction, the court said:

"* * * As to the third prayer, there was no evidence whatever to show that the rent reserved to the landlord, during the term, was less than two-thirds of the improved value of the premises demised; that is, two-thirds of the rental value for the term. In the absence of evidence, the court could not presume that the premises had been demised for a rent that would render the lease void."

This decision seems to cast the weight of American authority against plaintiff's contention, and, as we agree with the conclusion, we adopt the rule there announced.

Other points have been submitted, but, as they do not seem likely to arise in another trial of this case, we do not discuss them.

The judgment must be reversed, and the cause remanded for a new trial, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.