This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** **No. 28,760**

**ANTHONY A. GARLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Gary K. King, Attorney General
Margaret McLean
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals his conviction for driving under the influence, challenging the denial of his motion to suppress the results of a breath-alcohol test. We issued a notice of proposed summary disposition, proposing to uphold the district court's decision. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we affirm.

To briefly reiterate, Defendant's challenge to the admission of his breath-alcohol test results is based on a decision rendered by this Court in the case of *State v. Willie*, 2008-NMCA-030, 143 N.M. 615, 179 P.3d 1223, interpreting a State Laboratory Division (SLD) regulation which is applicable to the administration of breath-alcohol tests. That decision was subsequently reversed by the New Mexico Supreme Court. *See generally State v. Willie*, 2009-NMSC-037, 146 N.M. 481, 212 P.3d 369. As we explained in our notice of proposed summary disposition, we read the Supreme Court's decision to signify that test administrators need take no specific, affirmative steps to ascertain whether the subject has had anything to eat, drink, or smoke, other than to keep the subject under observation in a manner which reasonably indicates that he or she was not eating, drinking, or smoking during the critical twenty-minute period.

In this case, the arresting officer appears to have testified that he was in contact with Defendant during the entire twenty-minute period of time prior to administering the breath test and that he did not see Defendant put anything in his mouth. [RP 94-95] He also testified that he saw Defendant talking and did not notice gum or anything similar in Defendant's mouth. [RP 95] From his experience, the officer testified that he was generally able to discern when a person had gum or tobacco in his mouth. [RP 97] We conclude that this evidence was sufficient to support the district court's discretionary, factual determination that the officer complied with the applicable regulation. *See Willie*, 2009-NMSC-037, ¶¶ 12, 16 (holding that the ultimate question whether the SLD regulation has been satisfied "is a factual determination to be made by the trial court" in its discretion). The officer could have done little more, short of looking in Defendant's mouth or asking Defendant whether he had anything to eat, drink, or smoke. Insofar as the Supreme Court has expressly rejected any requirement of this nature, *id.* ¶¶ 11, 15, we perceive no basis for reversal.

In his memorandum in opposition, asserting that the ask-or-check requirement previously recognized by this Court should not be abandoned, Defendant argues that with the absence of such a requirement, the test administrator cannot be certain that

the subject had nothing in his or her mouth prior to the initiation of the observation period which might have remained there. [MIO 2] However, insofar as the Supreme Court has expressly rejected this approach, *see id.*, we are not at liberty to entertain the argument. *See generally State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (reiterating that this Court remains bound by Supreme Court precedent).

Finally, we understand Defendant to suggest that his own testimony that he had gum in his mouth from the time of his arrest and throughout the subsequent twenty-minute period should have rendered the breath-alcohol test results inadmissible. [MIO 2; RP 121] However, as we previously explained, when reviewing the denial of a motion to suppress, we must view the facts in the light most favorable to the ruling rendered below, indulge all reasonable inferences in support thereof, and disregard all evidence and inferences to the contrary. *State v. Stanley*, 2001-NMSC-037, ¶ 35, 131 N.M. 368, 37 P.3d 85; *State v. Jacobs,* 2000-NMSC-026, ¶ 34, 129 N.M. 448, 10 P.3d 127. In light of these principles, Defendant's testimony cannot support a different result in this case.

For the reasons stated in this opinion and in the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**