# Backstrom *v.* Kaufmann Department Stores, Inc., Appellant.

*Evidence — Opinion of adverse witness — Written statement— Contradictions—Res gestæ.*

1. An expression of opinion by an adverse witness, prior to the trial, is not admissible in evidence unless it contradicts his opinion received in evidence at the trial.

2. This rule is not affected by the fact that the opinion is in a written statement, other parts of which contradict evidence actually given at the trial.

3. Nor by the fact that if the opinion is excluded the other parts of the statement will not alone accurately express the meaning. The remedy in such case is to explain the true meaning to the jury.

4. A statement made by plaintiff's husband, since deceased, at the place of the accident and within three minutes thereafter, is part of the res gestæ.

*Practice, Supreme Court—Assignments of error—Consideration of evidence—Motion for judgment n. o. v.—Objection not made at trial.*

5. In considering assignments of error to the refusal of the court below to give binding instructions or to enter judgment non

obstante veredicto, the evidence must be considered in the light most favorable to appellee.

6. An objection not made at the trial will not be considered on appeal.

Argued February 10, 1920. Appeal, No. 3, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., July T., 1918, No. 36, on verdict for plaintiff, in case of Martha A. Backstrom v. Kaufmann Department Stores, Inc. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,308. Defendant appealed.

*Errors assigned* were rulings on evidence and refusal of judgment for defendant n. o. v.

*Charles F. Patterson* and *George C. Bradshaw,* of *Patterson & Bradshaw,* for appellant.—The facts in this case bear a strong resemblance to those in the recent case of Hitchman v. Kerbaugh, Inc., 242 Pa. 582. See also Greed v. Manufacturers Light & Heat Co., 238 Pa. 248; Briggs v. East Broadtop R. R. & Coal Co., 206 Pa. 564.

*J. M. Wright,* with him *Russel J. Esler* and *Wright, Chalfant & McCandless,* for appellee, cited, as to the question of res gestæ: Elkins, Bly & Co. v. McKean, 79 Pa. 493; Penna. R. R. v. Lyons, 129 Pa. 113; Com. v. Werntz, 161 Pa. 591; Coll v. Easton Transit Co., 180 Pa. 618; Smith v. Stoner, 243 Pa. 57.

OPINION BY MR. JUSTICE SIMPSON, March 1, 1920:

As the result of a collision between a motor truck of defendant, which was being driven by its employees, and

an automobile owned and operated by plaintiff's husband, the latter received injuries from which he died. Plaintiff brought suit, alleging the accident was due to the negligence of the driver of the truck, recovered a verdict and judgment, and defendant prosecutes this appeal.

At the trial plaintiff called a witness who testified only to that which he says he saw and heard, and, on cross-examination, identified a paper which he had signed shortly after the accident. To contradict his testimony defendant later offered this paper in evidence, and it was admitted except the words "I cannot blame Kaufmann's driver in any way." These were excluded, and we think properly, because confessedly they were a statement of opinion not contradicting anything testified to by the witness. Defendant now claims, however, that their exclusion caused the balance of the sentence to express a meaning different from that which was intended, and, grammatically speaking, this is true. At the trial no objection was made on this ground, and if it had been it could not have resulted in the admission of improper evidence, especially as an explanation to the jury would have made clear the true meaning of the balance of the sentence.

At the place of the accident, and within three minutes thereafter, plaintiff's husband stated to a witness: "This wouldn't have happened if I hadn't been crowded off the road." When proof of this was offered, objection was made on the ground that it was not part of the res gestæ, and was a self-serving declaration; but the objection was overruled and the evidence admitted. It was conceded at bar that the declaration was sufficiently close in time to make it part of the res gestæ, and hence both of the reasons for the objection must fail: Com. v. Werntz, 161 Pa. 591; Smith v. Stoner, 243 Pa. 57. It is now claimed, however, that the statement was of a conclusion and not of a fact, and hence should not have

been admitted; but as this objection was not made at the trial it cannot be considered here.

The remaining assignment complains of the refusal of defendant's motion for judgment non obstante veredicto. In considering this point we are, of course, obliged to view the evidence in the light most favorable to plaintiff's contention, and so regarding it we find the facts to be as follows:

The accident occurred in broad daylight on the Noblestown road between Carnegie and Oakdale in this State. The road at this point is some twenty feet wide, and consists of a slab of macadam fourteen feet wide, and, parallel thereto, on the side where plaintiff's husband was traveling, an additional twelve to fourteen inches of clay running to a ditch which formed a gutter on the side of the road; and, parallel to the slab, on the other side of the road where defendant's truck was traveling, about four or five feet more of clay, level with the macadam, which, in conjunction therewith, was constantly being safely used by automobiles and trucks going in that direction. The outside of the automobile at the time of the accident was variously estimated to be from seven to twelve inches from the edge of the slab on this side of the road, and the evidence showed it would not have been wise to approach nearer to the ditch. As the automobile was only fifty-six inches wide, it follows that the other side thereof was at least sixteen inches from the centre of the macadam; and the truck, which was seventy-one inches wide, had, therefore, eleven or twelve feet in which to run on its own side of the road, and still avoid a collision. Instead of keeping within this territory it must have run at least sixteen inches over on the half of the macadam which deceased had the right to use, for otherwise it could not have collided with the automobile, as it in fact did. Since defendant frankly admits "one car was beyond its legal rights on the road," and again "the proximate cause of this accident was the fact that one or the other of the

drivers, either of the Backstrom car or of the Kaufmann truck, got too far off the middle of the macadam road," it necessarily follows that the foregoing evidence, if believed, justified a finding by the jury that the proximate cause of the injury was the wrongful encroachment of defendant's driver on the part of the macadam rightfully being used by deceased; and hence the court below did not err when it refused to give binding instructions for defendant. The evidence favorable to it would have required a different conclusion, but this only raised a disputed question of fact for the jury's consideration, and not a controlling question of law for the court.

The judgment of the court below is affirmed.