Goodstein, Appellant, v. King.

314

Argued September 30, 1929. Before MOSCHZISKER,
C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*V. J. Lamb,* of *Anderson & Lamb,* with him *William
G. Barker, E. L. Williams* and *William L. Jacob,* for appellant.—The trial judge invaded the province of the
jury when he assumes it to be an established fact that
the child came in contact with the left side of the automobile. It was a matter for the jury to determine, under
all the evidence, whether the child ran into the automobile or whether it ran into her, and, if it be material,

the jury should decide which part of the automobile collided with the child: Fuhr v. Coal Co., 272 Pa. 14; Schmitt v. Kulamer, 267 Pa. 1; Schultz v. Wall, 134 Pa. 262.

In the case at bar, the matters complained of in the charge are basic and fundamental and constitute more than a "mere inadequacy." They constitute errors in law and hence it is contended that a new trial should be granted: Caffrey v. Schwartz, 285 Pa. 561.

*T. A. Sampson,* of *Stranahan & Sampson,* for appellee.—As we view it, the court below would have committed an error had he submitted to the jury the question of the point of contact: Fretton v. Karcher, 77 Pa. 423; Youngman v. Miller, 98 Pa. 196; McFadden v. Rausch, 119 Pa. 507.

Numerous decisions exist establishing a long line of cases holding that counsel should have requested the court below to charge on the matters now alleged to have been omitted: Fox v. Fox, 96 Pa. 60; P. & R. R. R. v. Getz, 113 Pa. 214; Kehoe v. Traction Co., 187 Pa. 474; Kaufman v. R. R., 210 Pa. 440; Roberts v. Traction Co., 270 Pa. 19; McCaffrey v. Schwartz, 285 Pa. 561; Dravo Contracting Co. v. Rees & Sons Co., 291 Pa. 387.

OPINION BY MR. JUSTICE KEPHART, November 25, 1929:

Plaintiff sues to recover for an injury to his daughter, a minor, caused by a collision with defendant's automobile. The child, playing on the sidewalk when the car approached on the opposite side of the street, suddenly ran across the street and came in contact with the automobile. The car stopped within its length, just as contact took place. Minor injuries were at first discovered, but it is here averred that more serious ones resulted. The case was submitted to the jury, who found for defendant. Plaintiff has appealed, assigning trial errors.

The court charged the jury that the testimony showed that the "child came in contact with the automobile at the side," and that this was the testimony of all the witnesses, "so that it would be your duty to find that as a fact when you have no other testimony contradicting it." The appellant complains of this, and urges that the jury should have been permitted to determine whether the contact was with the side or front of the car. We have carefully read the evidence and it convinces us that the court below was correct in its statement, as it was the testimony of the two witnesses who saw the accident. The charge detailed the evidence of the parties and this statement is merely a repetition of that evidence. Moreover, if appellant was not satisfied with the statement made, the attention of the trial judge should have been called to it at the trial so that, had he so desired, he might have had an opportunity to reform it. It was not error to make the statement (Fretton v. Karcher, 77 Pa. 423) ; but it was not conclusive of plaintiff's case, as defendant would still be liable had she negligently caused the contact.

The child, being only five and one-half years old at the time of the accident, could not have been guilty of contributory negligence. The court below, in its charge, made no reference to this subject, but plainly told the jury that if they found defendant negligent they should find for plaintiff. Appellant argues that the court below should have instructed the jury that a child of this age could not be guilty of contributory negligence. The question of contributory negligence was not before the jury, and a trial court can not be convicted of error for failing to charge on a point of law which is not at issue in the case. Again, if plaintiff had wished the jury's attention directed to it, it was easy to suggest to the trial judge that it be done; plaintiff had called his attention to other matters during the charge. Evidently counsel did not think this matter important at the time.

Appellant contends the court should have charged the jury more at length on the duties of operators of automobiles when driving on highways where children are present. It undoubtedly is the law that when an automobile driver sees a child in a place of danger, or has reason to apprehend that it might go there, such care must be exercised in driving a car as is reasonably necessary to avoid a collision. This child, when first seen, was not in a place of danger, but its almost instant movement toward the car placed it in a zone of danger. The driver immediately did all she could to stop the car, but the child was too quick. It ran into the left front side of the car just before it came to a complete stop.

It is very questionable whether this case, in view of all the testimony, should have been submitted to the jury on the question of defendant's negligence. The court below took the safe course and submitted it. In doing so, he instructed the jury as to the care which drivers must take on highways where children are present. He did not analyze in detail all that we have stated in our various cases about that care, but left it to the jury to decide whether the driver had been guilty of negligence. The testimony of the witnesses to the accident did not differ materially. The question submitted to the jury was whether the woman saw the child in time to stop her car (there was not sufficient evidence that she did), or whether she was driving so fast she could not stop her car to prevent the injury. The testimony, as to distances and defendant's acts, shows this to be a darting-out case; and the jury so regarded it. The plaintiff was benefited in having the case submitted to the jury; that body having decided against her, the record presents no reversible error.

The remaining assignments are without merit.

Judgment of the court below is affirmed.