Chapple et al., Appellants *v.* Sellers, Appellant.

Argued September 26, 1950.. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*John M. Bennett,* with him *Morgan V. Jones* and *Weimer, Bennett & Jones,* for plaintiffs.

*Russell .R. Yost,* with him *Graham, Yost, Meyers & Graham,* for defendant.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 13, 1950:

These are appeals by a minor plaintiff and his parents from the grant of a new trial, the sole reason given by the court below being that it had committed an error of law in its charge.

We have frequently repeated the rule regarding a reversal of the award of a new trial. A recent pronouncement is *Held, Admrx., v. Van Tiggelen et al.,* 364 Pa. 317, 72 A. 2d 73, where Mr. Justice JONES said, p. 318: "The burden assumed by the appellant in seeking a reversal of the order granting a new trial is indeed a very heavy one. The controlling principle has long been settled and has often been reiterated. One of the more recent utterances is contained in Marko v. Mendelowski, 313 Pa. 46, 47, 169 A. 99, later quoted with

approval in Girard Trust Company v. George V. Cresson Company, 333 Pa. 418, 422, 5 A. 2d 221, and again in Tupponce v. Pennsylvania Railroad Company, 358 Pa. 589, 590, 57 A. 2d 898, where we said,—'we will not reverse an order awarding a new trial unless a palpable abuse of discretion on the part of the trial judge is disclosed or unless an erroneous rule of law, which in the circumstances necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action.' "

The scope of the present review, therefore, is whether the trial judge did commit an error of law in his charge.

The facts are as follows: On the morning of October 27, 1945, minor plaintiff, a child of eight years of age, was playing on the sidewalk with several other children, at the corner of Rose Street and Edson Avenue, in Johnstown. Defendant was driving his truck, loaded with coal, in a northwesterly direction along Rose Street towards Edson Avenue, which intersects Edson Avenue at a right angle. According to defendant's testimony, he stopped at the stop sign on Rose Street and proceeded around the corner in a northeasterly direction into and along Edson Avenue. The minor plaintiff was standing on the sidewalk near the rounded curb line, partly facing the direction from which defendant's truck was proceeding. He testified that while standing close to the curb he felt a hard blow on his shoulder. The next thing he remembers was that he was lying on the street near the curb and the rear wheels of the truck were coming at him. He was not run over by the wheels but was wedged between the tire of the rear dual wheel and the curb.

The court in granting a new trial stated that it committed error when it charged the jury, in effect, that, even if the truck did *not* pass so close to the curb that any overhang would strike a child on the sidewalk, the

jury, nevertheless, could find negligence on the part of the defendant-driver, based on the position of the truck in the street, even though the minor plaintiff fell or was pushed off the sidewalk against the rear wheel or a part of the truck, behind the driver and necessarily beyond his vision.

When passing small children playing in a group on a sidewalk, the operator of an automobile has the duty to be attentive: *Buchanan et al. v. Belusko et al.,* 361 Pa. 465, 65 A. 2d 386. He must exercise the care reasonably necessary to avoid an accident when approaching a place where there is reason to apprehend that children may come into a place of danger: *Goodstein v. King,* 298 Pa. 313, 148 A. 300; *Fedorovich et al., v. Glenn,* 337 Pa. 60, 9 A. 2d 358; *Ondrusek, Admr., v. Zahn,* 356 Pa. 537, 52 A. 2d 461; *Fabel, Admr., v. Hazlett,* 157 Pa. Superior Ct. 416, 43 A. 2d 373.

When there is reason to apprehend that children might run into a place of danger, the operator of an automobile has a duty to bring his car under such control that it can be stopped on the shortest possible notice of danger: *Silberstein et al., v. Showell, Fryer & Co. (No. 1),* 267 Pa. 298, 109 A. 701; *Frank et al., v. Cohen,* 288 Pa. 221, 135 A. 624; *Fedorovich et al., v. Glenn,* supra. But an operator of an automobile is not an insurer of the safety of children. He is not responsible, for instance, if, with his car under proper control, a child deliberately steps in front of the car: *Silberstein v. Showell, Fryer & Co. (No. 1),* supra. It is not necessary to halt all traffic until the children are out of sight: *Frank et al., v. Cohen,* supra.

These children were playing on the sidewalk at an intersection, and defendant saw them playing there. This was not, in itself, a place of danger. But having seen the children, there was reason for defendant to apprehend that the children *might* place themselves in a place of danger. Defendant therefore had the duty to

have his car under such control that it could be stopped on the shortest possible notice of danger, and to exercise such care as was reasonably necessary.

If the minor plaintiff ran or was pushed into the rear wheel of the truck, after the front of the vehicle had safely passed the children and was in the street a foot from the curb, and the driver did not and could not see behind him and observe that the children were in danger, no negligence could be imputed to defendant. Defendant was engaged in turning a corner. The road into which defendant was turning was approximately 24 feet wide. There was uncontradicted testimony that in order to have driven any further away from the sidewalk where the children were playing, it would have been necessary to drive against traffic over the far curb of the street into which the truck was turning, or at least to miss it by a few inches. Defendant was not required to keep his eyes continually and solely on these children, after the front of his truck had passed them and they no longer could be seen from the driver's seat. Otherwise, the driver would become the insurer of plaintiff's safety. In the foregoing circumstances, we agree with the learned court below that it committed an error of law. A jury may not speculate how far removed in the highway a vehicle should travel while passing children playing on the sidewalk.

Order affirmed.

Mr. Justice JONES concurs in the result.