## Chapple *v.* Sellers, Appellant.

Argued March 24, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Russell R. Yost,* with him *Yost & Meyers,* for appellant.

*Morgan V. Jones,* with him *John M. Bennett* and *Weimer, Bennett & Jones,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 25, 1953:

These are appeals from judgments entered on a verdict in favor of Thomas Scott Chapple, minor plaintiff, and his parents. The defendant assigns as error the refusal of the lower court to grant his motion for judgment n.o.v. The action was instituted in trespass to recover damages for personal injuries.

We had this case before us on a previous occasion following the appeals from the grant of a new trial: *Chapple v. Sellers,* 365 Pa. 503, 76 A. 2d 172. A new trial has now been held. The facts which were developed at the second trial are the same as those originally presented.

In considering whether or not the court below properly denied defendant's motion for judgment n.o.v., we must view the testimony and the inferences reasonably deducible therefrom in the light most favorable to plaintiff: *Snyder v. McGill,* 265 Pa. 122, 108 A. 410; *Backstrom v. Kaufmann Department Stores, Inc.,* 266 Pa. 489, 110 A. 235; *McClintock v. Pittsburgh Railways Company,* 371 Pa. 540, 92 A. 2d 185.

The minor plaintiff, about eight and one-half years of age, was playing with three other boys on the sidewalk at the northeast corner of Rose Street and Edson Avenue, in the City of Johnstown. The defendant drove his loaded coal truck in a northwesterly direction along Rose Street toward Edson Avenue and stopped at the stop sign prior to turning right into Edson Avenue. It was then approximately 10:30 a.m. on the morning of October 27, 1945. The boys were playing with a rope. The minor plaintiff was standing on the curb of Edson Avenue at an angle facing a house in front of him. The other boys were farther back on the sidewalk. The boys that testified stated that none of them saw the truck which was about to make the right hand turn until after the minor plaintiff was injured. The defendant saw the boys, however, as he proceeded along Rose Street. As the truck turned right into Edson Avenue, the minor plaintiff in *some manner* fell into the street and was crushed between the right rear dual wheels of the truck and the radius curb.

The question is whether there was sufficient evidence to support a finding by the jury that the overhang of the defendant's truck, or the truck body, struck the minor plaintiff.

The minor plaintiff testified that he was standing on the curb of Edson Avenue with his back to the street and while in this position ". . . felt a blow on my left shoulder, and I don't remember what happened after that, and then I remember I was lying down in the street looking up and I saw the back wheels of a truck coming at me, and then I don't remember any more until I was lying in the street after the truck had gone by. . . ."

Again, when specifically asked what caused him to fall down in the street, minor plaintiff answered "The blow on the shoulder."

Admittedly the exact source of the blow described was not explained, but a reasonable inference from the evidence to which we will refer would be that it came from the truck of the defendant. Plaintiffs are entitled to have resolved in their favor any doubtful facts and any inferences which may flow therefrom: *McGreery v. Westmoreland Farm Bureau Co-operative Association,* 357 Pa. 567, 55 A. 2d 399; *Miller v. Hickey,* 368 Pa. 317, 81 A. 2d 910.

Furthermore, reasonable minds could infer from the testimony that the minor plaintiff was not struck by the other young boys who were there on the corner with him.

Of the three boys, other than the minor plaintiff, who were on the corner at the time of the accident, one was present at the second trial and testified, the testimony of one given at the previous trial was read into the record of the second trial, and one did not testify because of illness. Neither of these two boys from whom testimony was received could give an explanation of what caused the minor plaintiff to fall into the street.

At the trial the minor plaintiff exhibited a scar on his left shoulder where he testified he was struck. His doctor explained to the jury that the scar was the result of a bad bruise caused by ". . . a very hard blow . . .", but the doctor obviously was unable to tell the source of the blow.

The mother of minor plaintiff testified that when the defendant brought the boy to his home immediately after the accident the defendant stated that ". . . Well, I hit your boy with my truck . . .". About three weeks after the accident the defendant drove by the home of minor plaintiff and stopped to inquire about his condition. There is testimony to the effect that the defendant told the plaintiff's mother at this time that

the posts on his truck must have extended over the curb and bumped the boy off the curb.

The plaintiffs introduced evidence which if believed was sufficient to enable the jury to decide whether or not the defendant caused the injuries of which the plaintiff complained.

The lower court charged as follows: "If you are satisfied by the weight of the evidence that the defendant was negligent in that he drove his truck so that a portion of the truck, the overhang or the wheels or any other part of the truck, came into contact with this boy upon the sidewalk and knocked him into the street, and as a result of such contact injuries were received, your verdict should be for the plaintiffs. If, on the other hand, the injuries were received by this boy in the manner that the defendant indicates, in that the boy was pushed or was thrown or fell against the rear of the truck, out of the vision of the driver of the truck, then your verdict should be for the defendant because there would be no negligence under the law chargeable to the defendant in that situation. So, you have to determine just what did happen there."

Since the jury returned a verdict for the plaintiffs, the jury must have found that the defendant ". . . drove his truck so that a portion of the truck, the overhang or the wheels or any other part of the truck, came into contact with this boy upon the sidewalk . . .".

The defendant, however, argues that the plaintiffs should be denied recovery because it is an "incontrovertible physical fact" that the accident could not have happened in the manner in which the jury has found that it did happen. His argument is that the front portion of the truck bed could only protrude past the curbline if the rear wheels ran over the curb, and since there is no testimony that this happened, the truck bed could not have extended over the curb and struck the

minor plaintiff. The fallacy in this argument is that the position of a moving truck cannot be fixed by oral testimony as an "incontrovertible physical fact". We said in *Snyder v. Penn Liberty Refining Co.*, 302 Pa. 320, 322, 153 A. 549, (KEPHART, J.) : ". . . the position of a moving object that causes the injury, as shown by certain evidence, cannot be called an 'incontrovertible physical fact' when other evidence or inferences therefrom show the position of the object to be elsewhere at the time of the accident." See also *Ross v. Riffle*, 310 Pa. 176, 164 A. 913.

From a review of the entire record, it cannot be said that there was not sufficient evidence from which the jury could infer that minor plaintiff's injuries were the result of being knocked into the street by the overhang of the truck as it turned the corner. Furthermore, the defendant may not be exonerated from liability by claiming physical impossibility because such facts as position, speed, and distance are so nebulous that we must leave them for the determination of the jury.

Judgments affirmed.