334 P.2d 548

Jose M. MARRUJO, Administrator of the Estate of Anna Marie Marrujo, Deceased, Appellant,

v.

Arturo MARTINEZ, Appellee.

No. 6447.

Supreme Court of New Mexico.

Jan. 16, 1959.

This is a wrongful death action brought by the plaintiff-appellant, which was tried to the court without a jury and resulted in a judgment being entered in favor of the defendant-appellee. The parties will be referred to as they appeared in the trial court.

■ During the trial of the case and after the plaintiff had rested, the defendant moved to dismiss and this motion was denied. Subsequently, after the close of the defendant's case, the motion was renewed and the court reserved its ruling until the close of argument. The record thereafter is silent as to whether the court ruled upon the motion or merely entered its judgment on the basis of the facts presented. In the absence of any showing in the record of a specific ruling by the court on this motion, it must be presumed that the court failed to so rule and merely rendered its decision and judgment on the case as a whole.

The facts of the case as found by the trial court and which are not specifically attacked in this court are as follows: On October 4, 1956, at about 4:30 p. m., the defendant was driving a 1955 Chevrolet pickup on a State highway in Mora County. This highway is a graded dirt-surface road and the defendant was driving on his right-hand or southerly side of the road at a reasonable rate of speed of approximately 35 miles per hour. The deceased, a 7-year-old child, attending the second grade of the Mora County public school, was standing,

Bigbee & Stephenson, Matias A. Zamora, Santa Fe, for appellant.

Noble & Noble, Las Vegas, for appellee.

CARMODY, Justice.

together with her 9-year-old sister and two other children, off the traveled portion of the highway beside some mail boxes. The mail boxes were located approximately six feet or more beyond a drainage ditch which ran along the north side of the traveled portion of the highway. The defendant saw the children when he was about 75 yards away, standing still beside the mail boxes. The children remained standing beside the boxes until the defendant reached a point between 75 and 115 feet away from the boxes when suddenly the deceased, Anna Marie Marrujo, ran across the road directly in front of the pickup. The defendant immediately applied his brakes and commenced to skid along the right side or southerly edge of the road until his front wheels went into the drainage ditch of a depth of about a foot and a half and overturned on its left side. The pickup had almost come to a stop just prior to the accident, but struck the little girl and she was killed. The court found that had the defendant released his brakes to stop his skidding, he would have struck the child sooner than he did. Until the child actually started running across the road, there was no indication that the children would leave their place of safety or would move in anywise. Just before the deceased started across the highway, she was warned not to do so, but disregarded the warning. To complete the picture, it should also be mentioned that the deceased was in the second grade in a school approximately a quarter of a mile from the scene of the accident and had walked to and from her home and school partly along the same road all of the prior school year and for approximately a month of the new term immediately before her death.

The above facts are, as stated, not directly attacked in this court, although the plaintiff by two points seeks to have this court set aside the trial court's conclusions based thereon. The plaintiff takes exception to (1) the trial court's conclusion that the defendant was not negligent in the operation of the pickup or that the defendant's negligent operation of the pickup was not the proximate cause of the death of decedent, and (2) the court's holding that the decedent was negligent and that such negligence proximately contributed to her death.

■■ Inasmuch as no specific point was made attacking the findings of the trial court, this court is bound by such findings, provided, of course, that they are supported by substantial evidence. Quite obviously the facts as found are not exactly as the plaintiff wished, but we find there was substantial evidence upon which the trial court based its findings, and they must therefore control. Libby v. De Baca, 51 N.M. 95, 179 P.2d 263; Mobley v. Garcia, 54 N.M. 175, 217 P.2d 256; Mobley v. Garcia, 54 N.M. 175, 217 P.2d 256, 19 A.L.R. 2d 553; Gibbs v. Whelan, 56 N.M. 38, 239

P.2d 727; Edwards v. Peterson, 61 N.M. 104, 295 P.2d 858. This leaves for the determination of this court the question as to whether or not the trial court's conclusions based upon the findings of fact are proper.

There are literally thousands of cases involving injuries to children, many of which differ only slightly as to the factual situation. This court at numerous times has set forth the general rule as to the care required of a driver of an automobile with respect to children. See particularly Archuleta v. Jacobs, 43 N.M. 425, 94 P.2d 706; Ortega v. Koury, 55 N.M. 142, 227 P.2d 941; LeDoux v. Martinez, 57 N.M. 86, 254 P.2d 685. In addition, see 30 A.L.R. 2d 5, et seq., and annotations 3 N.C.C.A., N.S. 350, and 28 N.C.C.A.,N.S. 183.

Without restating the rule in effect in New Mexico, the same can be summarized thusly:

"What would a reasonably prudent person do under the same or similar circumstances?"

The issue here, of course, can be pinpointed to a certain degree within the specific facts involved so as to relate to what is the duty of a driver of a motor vehicle who knows of the presence of a child near or adjacent to a highway and whether such a driver must anticipate that a child may suddenly cross the highway in front of his vehicle. In this particular situation, the cases throughout the United States seem to be in irreconcilable conflict with many jurisdictions, apparently holding that it is the duty of a driver to anticipate a childish action such as running across the highway without a warning. See cases annotated 30 A.L.R.2d 35, § 8. However, under this same note, are cited decisions to the contrary, a great many of which are from the same jurisdictions that apparently hold to the opposite. The only answer to this conflict is a reading of each of the cases, and it then develops that the caution required is according to the maturity and capacity of the child and is a matter to be determined in each case *according to the circumstances of that case.*

Admittedly, the rule should be a strict one; a motorist must know, recognize and govern himself accordingly that a child, particularly of the age of seven years, may on occasion run across the highway without warning.

In the instant case, the court found that the defendant was operating his car on the proper side of the highway and at a reasonable rate of speed; that he had no indication that the deceased would move in anywise from her position of safety; and the court also found that the deceased little girl was at least somewhat experienced in the use of this particular road. There is no finding by the trial court that the defendant did any act or failed to do

any act which a reasonably prudent person would have or have not done. To hold that the defendant should be found responsible in damages for his acts would, in effect, make this defendant and all others like him an absolute insurer, and the only responsibility on the court in such an instance would be to set the amount of damages. This, we feel, goes too far. Again, it should be emphasized that each case of a type such as this must be judged by itself on individual facts, and that it is impossible to lay down a clear-cut rule which will apply to each and every accident involving a child of tender years. However, we believe the following general statement to be proper:

> "But an operator of an automobile is not an insurer of the safety of children. He is not responsible, for instance, if, with his car under proper control, a child deliberately steps in front of the car."—Chapple v. Sellers, 365 Pa. 503, 76 A.2d 172, 174, 30 A.L.R. 2d 1.

Here, the parties to the case have raised a question of fact for the determination of the trier of the facts, and the trial court in the absence of a jury has determined that in his judgment the defendant, on the facts shown and found by the court, was not negligent. The court also found contributory negligence on the part of the decedent. However, the conclusion of lack of negligence is determinative of the case, and our examination of the record convinces us that we should not attempt to substitute our judgment for that of the trier. We will not determine the weight of the evidence—that has been done. Miller v. Marsh, 53 N.M. 5, 201 P.2d 341.

In view of the above, said cause will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., not participating.