## D'Antonio v. Martin

*Bernstein & Bernstein, Faller & Douglas* and *Irwin Albert,* for plaintiffs.

*Clinton R. Weidner* and *Garber & Garber,* for defendants.

SHUGHART, P. J., July 11, 1963.—Plaintiffs in this action were all passengers in a 1959 Chevrolet Station Wagon owned and operated by defendant Peter S. Vitale who were injured in a collision between that vehicle and a 1956 Pontiac Sedan operated by Glen Martin on July 24, 1960, in this county.

A jury trial resulted in verdicts in favor of each of the plaintiffs and against the defendants Glen Martin and Peter S. Vitale. Prior to the introduction of evidence, by agreement a compulsory nonsuit had been entered against all plaintiffs as to defendant George H. Martin.

The case was consolidated for trial with a suit brought by Vitale and his wife against the Martins for damages arising out of injuries incurred by them and their two children in the accident to September term, 1962, no. 572. In this suit a compulsory nonsuit was entered against Peter S. Vitale and verdicts were rendered in favor of the two minor children and the wife against Martin and Peter S. Vitale who had been joined as an additional defendant. Following the joint trial a motion to take off the nonsuit was filed and an opinion and order respecting that is being filed concurrently herewith.

A motion for new trial and for judgment n. o. v. has been filed by counsel representing Vitale as a defendant in the instant suit and as an additional defendant in the suit brought by himself and his family against Glen Martin. This motion is now before us for disposition.

Immediately prior to the collision, Vitale was traveling north on Route 233 toward the intersection with the Pine Road. Vitale's destination was the Huntsdale Fish Hatchery which is reached by turning right at the intersection of the two highways. Prior to the accident defendant Martin was traveling east on the Pine Road. At the intersection, Route 233 is a through

highway, but traffic traveling east and west on Pine Road is controlled by stop signs. Martin failed to stop at the sign. Evidence was offered in his behalf to show that the sign was obscured by weeds and a fence, but the obvious conclusion of the jury that Martin could and should have seen the sign was justified and appears now to be conceded.

At the trial, depositions given by Vitale prior to the trial were read into evidence and he took the stand to testify as a plaintiff and was subsequently recalled to testify by counsel representing him as a defendant and additional defendant.

In substance, Vitale testified that his vision of traffic moving eastward on Pine Road was obscured by a corn field and that he proceeded into the intersection without being able to observe the lane of traffic in which Martin was traveling. He at no time observed the Martin car prior to the collision. Vitale had never traveled this road before and he did not observe the stop sign controlling traffic traveling east on Pine Road.

The trial judge charged the jury that since Vitale didn't know of the presence of the stop sign he could not rely on its existence. An exception was taken to these instructions and it is now urged that they constituted error warranting a new trial.

Vitale stated that as he approached the intersection he observed a plus sign indicating the presence of an intersection, that he had a good view of Route 233 beyond the intersection and of Pine Road to the east. He also observed the stop sign controlling traffic going west on Pine Road. Counsel contends that under these circumstances it was a question for the jury to decide whether a reasonably prudent man "had a right to rely on the presence of a stop sign on the opposite corner that he could not see." Counsel has been unable to cite any authority for this novel proposition. The testimony discloses that both of the intersecting highways

were of the same width and construction and there was nothing in the testimony to support a finding that Route 233 was a primary highway and Pine Road a secondary road or that Pine Road was in anywise a less important artery for traffic than Route 233. Under these circumstances, to permit a motorist to infer, presume or assume that the movement of another was controlled by a stop sign would result in the establishment of a rule of law that would substantially increase the hazards on the highway. We conclude therefore that the instructions of the trial judge on this point did not constitute error. This conclusion is supported by the decision in the case of Groome v. Davis, 215 N. C. 510, 519, 2 S. E. 2d 771, 776, in which the court said:

". . . we have, for convenience of discussion, assumed that defendant had a knowledge of the existence of the stop sign upon which he seeks to rely. The evidence is negative in this respect. He could not rely on it unless he knew of its presence, and such knowledge must affirmatively appear in the evidence."

Since Vitale was unwarranted in assuming the existence of the stop sign, the refusal of his points for charge predicated on such finding was not error and no further discussion on this matter is necessary.

The trial judge told the jury that vigilance must be commensurate with danger and that where there are blind intersections there is a higher duty to observe and proceed more cautiously than where no obstructions are present. These instructions are in accord with the law of this state: Mathews v. Patton, 385 Pa. 625, 626; Higgins v. Jones, 337 Pa. 401; Goodall v. Hess, 315 Pa. 289, 292; Brown v. Jones, 138 Pa. Superior Ct. 350, 354. The jury was further instructed as follows:

"I may say to you that no one is ever justified in proceeding on the highway and excuse what happens on the basis that 'I could not see'. I think it is a rule of common sense that if an intersection is so dangerous

you cannot proceed without viewing it or without seeing, that you better find some other way to get out. If you proceed blindly—and this same rule of law has to do with somebody who walks in the dark. Our courts have said if you walk in the dark and you fall in a hole, it is your fault. You should not walk in the dark and, likewise, if there is no visibility, then you shouldn't proceed. Where the vision is blocked, the responsibility on the driver proceeding into an intersection is to use a greater degree of care."

Counsel relies on a number of cases that deal with situations where the party had a right to rely on the presence of a stop sign or red light which controlled the movement of conflicting traffic. Such cases are not relevant or controlling here. Likewise we do not construe the opinion in Mathews v. Patton, supra, to authorize a motorist to proceed blindly into an intersection. In that case Mr. Justice Musmanno said that elementary prudence dictates that a motorist moving past a "blind corner" was under a duty to move with utmost caution. In that case plaintiff, as he entered upon the intersecting street . . . "saw the defendant's car about two or three car lengths away, . . ." It has long been the law of this Commonwealth that one who proceeds in darkness proceeds at his peril: Carns v. Noel, 364 Pa. 77. The tremendous death toll on our highways will not permit a decision that allows one to proceed into an intersection under conditions where he cannot observe oncoming traffic. In the Mathews case plaintiff looked and saw defendant approaching at a high rate of speed. The jury was permitted to determine whether plaintiff was required to anticipate such conduct. It does not follow that the same result would have been reached if plaintiff had proceeded blindly into the intersection without looking or being able to see.

Defendant contends that the court erred in failing to affirm his eleventh point for charge which was as follows:

"If you find that when Vitale reached a point in the intersection where he could have seen Martin's car approaching, but that it was too late then for Vitale to avoid the collision, then you could find that Vitale's failure to see the Martin vehicle was not a proximate cause of the accident."

It is well recognized that a trial judge may not be called upon to mold points for charge and if they cannot be affirmed as presented the court is justified in refusing them: Tamres v. Reed, 109 Pa. Superior Ct. 28; Commonwealth v. Wilcox, 112 Pa. Superior Ct. 240, 249. The point submitted was defective in that it assumed that Vitale could not observe Martin's path of travel until he was actually in the intersection. As a witness for the defense, Vitale said that as he "reached the intersection" he could see 25 feet of the south side of Pine Road to the west, but it does not appear that he looked thereafter. The testimony was undisputed that Pine Road was straight and level for 405 feet to the west of the intersection. The point therefore assumed facts that were not in evidence and it was properly refused: Higgins v. Jones, supra. The requested instruction was also faulty because it inferred that it was proper for Vitale to proceed into the intersection even though he had no view of the highway.

It is further contended that the court erred on commenting upon certain testimony of Mr. and Mrs. Sciole, who were in a vehicle following Vitale, that from a position two to two and one half lengths behind the Vitale car they saw the Martin car travel a distance of 10 to 12 feet before the impact. No objection was made to this comment on the testimony following the charge and the matter may not be the subject of present objection: Dupont v. Gallagher, 360 Pa. 419.

The matter of proximate cause was not covered as fully as it might have been, but a consideration of the charge as a whole indicates that all of the issues were

properly presented to the jury and their verdict thereon is therefore conclusive.

It is undisputed that plaintiff's testimony, if accepted by the jury, amply supported the verdict. The motion for judgment n.o.v. will be therefore overruled without further discussion: Chapple v. Sellers, 373 Pa. 544, 547; Murrin v. Rifugiato, 373 Pa. 561, 565.

*Order of Court*

And now, July 11, 1963, at 12:05 p.m. (EST), for the reasons given, the motion of defendant Peter S. Vitale for a new trial and judgment n.o.v. is overruled. An exception is noted.