395 P.2d 454

FRANKLIN'S EARTHMOVING, INC., a New Mexico Corporation, Plaintiff-Appellant,

v.

LOMA LINDA PARK, INC., a corporation, Earl Troxel and Lureata Troxel, his wife, James E. Crosby and Patricia Crosby, his wife, and Sandia Land Developers, Inc., a New Mexico Corporation, Defendants-Appellees.

No. 7484.

Supreme Court of New Mexico.

Sept. 21, 1964.

Harry O. Morris, Albuquerque, for appellant.

Richard C. Civerolo, Albuquerque, for appellee Sandia Land Developers, Inc.

Frank J. Southerland, Albuquerque, for appellees.

NOBLE, Justice.

Appellant (plaintiff) Franklin's Earthmoving, Inc. (hereafter referred to as Franklin) constructed a racetrack at Loma Linda Park in Bernalillo County, New Mexico, pursuant to a contract with Loma Linda Park, Inc. (hereafter referred to as Loma Linda). Loma Linda had an unexercised option to buy the land upon which the improvements were made. Franklin filed its amended complaint seeking foreclosure of a claim of lien against the land, Loma Linda and Sandia Land Improvement Developers, Inc. (hereafter referred to as Sandia), owner of the premises. Judgment was entered against Loma Linda and the action dismissed against Sandia, and foreclosure of the mechanic's lien denied upon the court's finding of equitable estoppel preventing Franklin from asserting its claim of lien against Sandia. This appeal is from the judgment denying Franklin's foreclosure of its claimed lien.

The statute, § 61–2–10, N.M.S.A.1953, makes all lands upon which improvements are constructed with the owner's knowledge subject to mechanic's and materialmen's

liens unless one having an interest in the land shall post a notice of non-responsibility within three days after obtaining knowledge of such construction, alteration or repair, or the intended construction, alteration or repair.

■ Facts found by the court and not attacked, and which are therefore the facts upon which the case rests in this court, Marrujo v. Martinez, 65 N.M. 166, 334 P.2d 548, are that George W. Walker, a director of Sandia, observed Franklin working on the racetrack and told J. S. Lovvorn, representing Franklin, that the land was owned by Sandia and not by Loma Linda and that he intended to immediately post a non-responsibility notice. Lovvorn asked Walker not to post and thus stop the work, assuring him that if Sandia refrained from posting, Franklin would not file a lien against the land but would look solely to Loma Linda and its officers for payment. Relying upon Franklin's promise, the land was not posted. It is clear to us that Walker's reliance upon Franklin's promise was sufficient to create an equitable estoppel preventing foreclosure of an artisan's lien by Franklin if Walker was authorized to represent Sandia. The trial court found:

> "26. In his dealings with J. S. Lovvorn, [representative of Franklin] George W. Walker was acting with authority for Sandia Land Developers, Inc., and with the knowledge of said corporation."

If the finding is substantially supported by the evidence, the judgment should be affirmed.

■ It is undoubtedly true that a director individually cannot ordinarily bind the corporation unless authorized to act as its agent. 2 Fletcher Cyclopedia Corporations (Perm. Ed.) § 390, but the facts here present a different situation. Generally, knowledge of an individual director charges a corporation with notice that improvements are being made on the corporation's lands. Todd v. Exeter Land Co., 103 N.J. Eq. 268, 143 A. 428; 3 Fletcher Cyclopedia Corporations (Perm. Ed.) § 815.

We have no doubt but that a notice of non-responsibility as provided by § 61–2–10, supra, posted by Walker on behalf of Sandia would have effectively released Sandia and its land from responsibility for the mechanic's claim for construction, improvement or alterations, whether or not Walker had been authorized to so post such notice. The question of whether a corporation is bound by the acts of its president or by individual directors, absent action by the board of directors, was said in Yucca Mining & Petrol. Co. v. Howard C. Phillips Oil Co., 69 N.M. 281, 365 P.2d 925, to be a problem that has caused considerable difficulty. Recognizing the general rule that although ordinarily a corporation can only act through its directors regarding matters that are not in the usual course of the daily operation of the business, this court there

called attention to the refusal of many courts to permit disclaimer of unauthorized agreements by corporate officers because of the injustice that would result to those dealing with the corporation. It was pointed out that such refusal was upon various agency theories of "apparent authority," "implied authority," "waiver" or "estoppel," as well as ratification and acquiescence. Anyone interested may find in that decision the New Mexico cases which have relied upon one or more of these theories.

█ The testimony is undisputed that Walker promptly related the facts to Sandia's president regarding the work being done by Franklin, as well as his entire conversation with Franklin's representative including the agreement not to post the land and the promise of Franklin not to file a lien but to look to others for payment. It was pointed out in Yucca Mining & Petrol. Co. that in view of the swift pace of modern business "it is impossible to expect action by the directors in every transaction, even though it may be termed 'unusual.' " However, we think Walker's action in this instance was one which would be within the scope of the ordinary power of an agent. The president ordinarily has the right and authority of directing the ordinary business affairs of the corporation "unless and until the board of directors directs otherwise." Burguete v. G. W. Bond & Bro. Mercantile Co., 43 N.M. 97, 85 P.2d

749; Marron v. Wood, 55 N.M. 367, 233 P.2d 1051. Certainly if Walker's acts had been by Sandia's president they would have supported a conclusion of estoppel against Franklin. The president took no action to repudiate Walker's unauthorized agreement. We think the finding of the trial court has substantial support and supports the conclusion of estoppel against Franklin; however, following the reasoning and conclusion of Yucca Mining & Petrol. Co., it is unnecessary for us to determine under which one or more of the above theories the result is reached.

█ Evidence relied upon to support findings of fact by a trial court must be viewed by an appellate court in the light most favorable to support the challenged finding. In this regard, all reasonable inferences are indulged to support the findings, and evidence and inferences to the contrary will be disregarded. Maryland Cas. Co. v. Jolly, 67 N.M. 101, 352 P.2d 1013. Viewed in the light in which an appellate court must view the evidence, it appears that ultimate findings of fact sufficient to support the conclusion of equitable estoppel are substantially supported by the evidence.

█ We are unable to agree with Franklin's contention that refusal to allow introduction of the whole of certain pre-trial depositions requires reversal. The evidence

was offered for impeachment purposes and it was proper for the trial court to limit the portion received in evidence to that applicable to the impeaching question. Rule of Civil Procedure 26(d) (1) and (2) and 26 (f) does not require admission of the entire deposition under such circumstances. Only that portion admissible under the rules of evidence may be used against the party.

■ The function of a reviewing court is to correct an erroneous result, not to correct errors which could not change the result. Southern California Petroleum Corp. v. Royal Indem. Co., 70 N.M. 24, 369 P.2d 407; Shultz v. Ramey, 64 N.M. 366, 328 P.2d 937. Only ultimate facts required to support the judgment are necessary findings. Rule 52(B) (2) (§ 21–1–1(52) (B) (2), N.M.S.A.1953). It is, therefore, unnecessary to consider the claimed error in many findings which are evidentiary only. As to those, the questions presented go only to the weight to be given certain conflicting testimony which was resolved by the trial court. We may not weigh the evidence. Winter v. Roberson Construction Co., 70 N.M. 187, 372 P.2d 381, 96 A.L.R.2d 933. Nor will we reverse a judgment for harmless error of the trial court not affecting the ultimate result.

Other points briefed and argued have either been resolved by what has been said, found to be unnecessary to our decision, or determined to be without merit.

The judgment appealed from should be affirmed and it is so ordered.

COMPTON, C. J., and MOISE, J., concur.