430 P.2d 103

**CARDINAL FENCE CO., Inc., a New Mexico Corporation, Plaintiff-Appellant,**

v.

**Saki KARAVAS, Defendant-Appellee.**

**No. 8314.**

Supreme Court of New Mexico.

July 17, 1967.

Merritt W. Oldaker, Roy F. Miller, Jr., William H. Oldaker, Albuquerque, for appellant.

George T. Reynolds, Taos, for appellee.

## OPINION

COMPTON, Justice.

The plaintiff, at the request of the defendant Bill Spencer, supplied labor and materials used in the construction of a fence upon land owned by the defendant Saki Karavas. The account was not paid by Bill Spencer; a statutory claim of lien was filed, and in due time suit was instituted against the defendant to force collection. Process was never served upon Bill Spencer, and the case was dismissed as to him upon the plaintiff's motion. Various defenses were interposed by the defendant Karavas. He admitted that he was the owner of the land upon which the fence was constructed. Judgment was entered for the defendant Karavas, dismissing the complaint as to him also, and the plaintiff has appealed.

The pertinent findings read:

"2. At the time of the construction of the fence, Defendant-land owner, SAKI KARAVAS, had no knowledge or notice of such construction until after the same was completed.

"3. That Plaintiff's original contract was with the Defendant BILL SPEN-CER, doing business as TAOS PUMP & APPLIANCE CO., who was a tenant of the Defendant SAKI KARAVAS.

"4. That the construction of said fence required only four (4) days, during which time, and before which time, the Defendant SAKI KARAVAS had no notice or knowledge thereof.

"5. After the Defendant SPENCER failed to pay, and some thirty days after the job was completed, the Plaintiff then, for the first time, contacted the Defendant KARAVAS, advised him about the fence and demanded payment."

The findings are amply supported by substantial evidence. Admittedly, the defendant Spencer was only a lessee of the premises. Our review of the record discloses no proof whatever that the owner of the land had knowledge of the construction of the fence thereon until after it had been completed, and when such knowledge was brought to the owner's attention, some 30 days thereafter, he forthwith notified the plaintiff that he would not be responsible for the same and disclaimed liability for payment. He even suggested that the appellant remove the fencing, which it declined to do. The applicable statute, § 61-2-10, N.M.S.A.1953, reads:

"Every building or other improvement mentioned in the second section of this article [61-2-2], constructed upon any lands with the *knowledge of the owner* or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein, and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this article, unless such owner or person having or claiming an interest therein shall, within three [3] days after he shall have obtained knowledge of the construction, alteration or repair, or the intended construction, alteration or repair, give notice that he will not be responsible for the same, by posting a notice in writing to the effect, in some conspicuous place upon said land, or upon the building or other improvement situated thereon." (Emphasis ours.)

Other points raised in the briefs are disposed of by what has been said, found unnecessary to a decision or found without merit. Compare Franklin's Earthmoving, Inc. v. Loma Linda Park, Inc., 74 N.M. 530, 395 P.2d 454; Petrakis v. Krasnow, 54 N.M. 39, 213 P.2d 220; Rio Grande Lumber & Fuel Co. v. Buergo, 41 N.M. 624, 73 P.2d 312, 123 A.L.R. 1. Also see

123 A.L.R. 1 and annotation starting on page 7 and specifically page 40, et seq.

The judgment must be affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.