(No. 19113.—)

OSCAR H. NELSON, Admr., Appellee, *vs.* ELMER L. NELSON, Appellant.

· *Opinion filed February 20, 1929.*

WELSH & WELSH, for appellant.

R. E. BECKINGTON, and L. M. GREEN, for appellee.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Oscar H. Nelson, as administrator of the estate of Mary Nelson, deceased, filed a petition in the probate court of Winnebago county for authority to sell real estate to pay the debts of the decedent. The heirs of the intestate, all of legal age, were made defendants to the petition. A

decree was rendered in conformity with the prayer of the petition, and from the decree Elmer L. Nelson, one of the heirs, prosecutes this appeal.

After the allegation of certain jurisdictional facts it is stated in the petition that the intestate died seized in fee simple of lot 2, in block 7, of E. H. Potter's addition to the city of Rockford; that the lot is vacant and that no person has an interest in it except the heirs. Elmer L. Nelson, a son and heir, filed an amended answer to the petition, in which he averred that for a number of years prior to his mother's death he lived with her on the premises in question; that at her request he paid out of his own money a considerable portion of the taxes, insurance premiums and expenses of maintaining the property; that in consideration of these expenditures she agreed with him that he might at his expense build and maintain garages on the land, and that the garages, and the right of ingress to and egress from them, should be his property; that pursuant to the agreement he built and has maintained the garages at great expense; that he has been in possession of them since they were built and has collected the rents derived therefrom; that the contract with his mother was based upon a valuable consideration and was wholly consummated long prior to her death, and that any decree based upon the petition should be made subject to his ownership of the garages, to his right to maintain them and to his right of ingress and egress. The administrator filed exceptions to the amended answer, charging that its averments were insufficient and that the rights claimed by the answer were such as would constitute an interest in the premises; that it was not averred that the agreement was in writing, and that the Statute of Frauds, invoked as a defense, was a bar to the assertion or enforcement of any rights under the agreement. The probate court sustained the exceptions to the answer. The defendant, Elmer L. Nelson, elected to stand by his answer, and the decree followed.

Appellant contends that the agreement set forth in his answer is not void under the Statute of Frauds for the reason that it was based upon a good and valuable consideration and had been fully performed prior to the death of his mother. To take a case out of the operation of the Statute of Frauds the evidence should establish with reasonable certainty not only that an agreement was made but also its terms clearly and specifically. Performance or part performance must be founded upon and referable to the specific terms of the agreement. Clearer proof is required where the alleged contract is between parent and child. (*Keller* v. *Joseph,* 329 Ill. 148; *Stephens* v. *Collison,* 313 id. 365; *Weir* v. *Weir,* 287 id. 495.) The performance relied upon must place the party who has performed in such a situation that it would be a fraud upon him if the agreement were not carried out. *Weir* v. *Weir, supra; Stephens* v. *Collison, supra.*

It is alleged in the petition that the lot is vacant. Under such an allegation it cannot be claimed that the garages are a part of the realty, for, obviously, if they are on the land it is not vacant. The heirs, other than appellant, make no claim of ownership to the garages. The appellant in his answer avers ownership of and the right to maintain the garages, with the right of ingress and egress. In the state of the pleadings the exceptions to the answer should have been overruled, and the parties should be afforded the opportunity to amend their respective pleadings and to introduce evidence, if desired.

The decree is reversed and the cause is remanded to the probate court of Winnebago county.

*Reversed and remanded.*