78 P.2d 1118

## HOBBS WATER CO. v. MADERA et al.

No. 4339.

Supreme Court of New Mexico.

April 26, 1938.

John R. Brand, of Hobbs, for appellant.

G. L. Reese, Jr., of Carlsbad, for appellees.

BICKLEY, Justice.

This is an action on a promissory note. Defendants admitted its execution, but denied liability and affirmatively alleged that they entered into negotiations with the plaintiff for the purchase of a pump for the purpose of pumping and furnishing water to others; that plaintiff represented to the defendants that plaintiff had a pump which was in first-class working condition and which had had new working parts installed therein, and that plaintiff guaranteed the pump to perform satisfactorily and to pump sufficient water for defendant's use; that said representations were made by plaintiff for the purpose of inducing the defendants to purchase said pump and that they relied upon said statements and believed them to be true; that said statements and representations were false and known to be false by the plaintiff and were made for the purpose of deceiving defendants and of obtaining their signature to the promissory note sued on; that defendants had had no previous experience with water pumps at the time of the purchase thereof from plaintiff and that plaintiff was advised of such fact; that the pump was entirely insufficient and worthless for the purpose for which they purchased it; that

defendants in an attempt to make the said pump work expended time, money, and materials for repairs and betterments and it still continued worthless, and defendants were forced to purchase another pump in order to carry out their agreements to supply water to others, for which expenditures and for $50 which they had paid as a cash payment on said pump defendants asserted a counterclaim. Defendants also alleged that they tendered the pump back to plaintiff, but that the plaintiff refused to accept the same. Because of these facts, defendants alleged that the consideration for the note had failed. The case was tried to the court, who based the judgment for defendants upon specific findings of fact. The court also found generally that each and every material allegation of defendants' answer by way of new matter and counterclaim had been established by the evidence and found all the issues involved in the case against the plaintiff and in favor of the defendants, and refused all of plaintiff's tendered findings of fact and conclusions of law. To these rulings of the court only general exceptions were taken.

The appellant assigns error as follows:

"1. The court erred in finding from the evidence that plaintiff had made false representations as to the condition of the pump and its suitability for use by the defendants, which it either knew, or should have known, were false, and which were designed to and did induce defendants to purchase such pump.

"2. The Court erred in finding from the testimony that defendants either became entitled to rescind the contract for the purchase of the pump or that they did rescind the same.

"3. The Court erred in finding from the evidence that defendants were entitled to charge plaintiff with any sum as the expense of repairs made to the pump by them."

Appellee assails the sufficiency of these assignments of error to raise an issue in this court.

We assume that appellant intends a challenge to the specific findings of fact as being unsupported by substantial evidence. It must be conceded that the assignments of error are rather too general for that purpose. There are eight specific findings of fact besides the general finding that each and every material allegation of the defendants' affirmative answer is established by the evidence. Three of these specific findings of fact touch upon the matters which may be embraced within the first assignment of error. We have no way of knowing whether it is one or more or all of these specific findings the appellant claims to be unsupported by the evidence.

Appellant also failed to observe section 6 of rule 15 of the Supreme Court Rules, which is in part as follows: "A contention that a verdict, judgment or finding of fact is not supported by substantial evidence will not ordinarily be entertained, unless the party so contending

shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. Such a statement will be taken as complete unless the opposite party shall call attention in like manner to other evidence bearing upon the proposition." The purpose of this rule is to spare appellee and this court the necessity of examining the entire record in order to ascertain whether somewhere therein there may be found evidence which will support a finding said not to be supported by substantial evidence. Sometimes the transcript of testimony is very voluminous, and it is submitted that counsel who participated in the trial are well circumstanced to point out the evidence therein bearing on a proposition embodied in a finding of fact. Before this rule was adopted, it came under the scrutiny of an advisory committee composed of members of the bar and was generally approved and its observance is highly important.

We have examined the entire record and conclude that the findings of fact made by the court are supported by substantial evidence and that such findings support the judgment.

Finding no error in the record, the judgment is affirmed, and the cause remanded for further proceedings upon the supersedeas bond or otherwise not inconsistent herewith. It is so ordered.

HUDSPETH, C. J., and SADLER and BRICE, JJ., concur.

ZINN, J., did not participate.