355 P.2d 282

**Ted M. WHITE, Plaintiff-Appellant,**

**v.**

**V. L. WHEELER, d/b/a Wheeler Drilling Company, Defendant-Appellee.**

No. 6624.

Supreme Court of New Mexico.

Sept. 16, 1960.

MOISE, Justice.

Plaintiff-appellant sued defendant-appellee in two causes of action. In his first cause of action plaintiff alleged a parol contract to complete a well which carried an implied warranty that the work would be done in a workmanlike manner and in accordance with good engineering practices; that defendant "caused the drill bit to be broken within said well," and that defendant breached his implied warranty by improvising "an unorthodox tool manufactured in a crude and shoddy manner" and in using it got it stuck, thereby ruining the well.

The second cause of action alleges that while attempting to retrieve the drill bit which had been "accidentally lost" in the hole, the defendant negligently used an "improvised tool of shoddy and irregular manufacture" and lost the same in the hole, thereby ruining the well.

The defendant answered admitting the contract and the implied warranty, but denied any breach of warranty, unworkmanlike work, negligence or fault on his part, and counterclaimed for the balance alleged to be owing him for work under the contract.

Edward P. Chase, Morton & O'Toole, Albuquerque, for appellant.

Edward E. Colby, Albuquerque, for appellee.

The case was tried to the court which found the issues for defendant and awarded him judgment for $6,750 against the plaintiff and counter defendant. The plaintiff then perfected this appeal.

The pertinent facts briefly follow. Plaintiff had a well in San Juan County, New Mexico, which had been drilled to a depth of 1,101 feet, and plugged, and he contracted with defendant to complete the drilling of the well by drilling out the plug, drilling 30 feet into pay sand, and then to install a control head for production, for which plaintiff agreed to pay defendant $13 per hour for the drilling rig and a crew of two workers, plus $2.25 per hour for extra labor. This is according to the court's findings, although plaintiff claimed the price was to be $12.50 per hour.

Defendant moved onto the job and consumed considerable time in fruitless efforts to drill out the plug, assertedly because he was using long stroke or "fishing jars" instead of short stroke or "drilling jars." Plaintiff had a representative on the job, who finally reported defendant's lack of progress to plaintiff and recommended defendant's discharge. However, he was not discharged, and finally the plug was drilled out and the hole deepened to the desired depth.

At this point defendant was told by plaintiff's representative to run the tools into the hole and dangle them so as to make sure the hole was clear, and in the process of so doing the drill stem broke and was lost in the hole.

Thereafter, defendant attempted to fish the stem from the hole without success, and finally a wash pipe friction tool for fishing "was ordered, manufactured and altered under the direction and control of plaintiff or his representative." This is the tool which was alleged to have been "unorthodox" and "manufactured in a crude and shoddy manner" and described as an "improvised tool of shoddy and irregular manufacture." While this tool was being used, it broke and became lodged in the hole. Later efforts to clear the hole by defendant and by an expert employed by plaintiff who tried with defendant's help proved unsuccessful, and the well had to be abandoned as worthless.

Although in his first cause of action plaintiff alleged that defendant "caused the drill bit to be broken within said well," in his testimony he admitted that in well drilling such occurrences do happen without fault on the part of the driller. The court found that the losing of the tool was a "normal hazard of drilling" and plaintiff in his brief agrees that this is correct.

Accordingly, it is clear that the default of defendant being complained about in the first cause of action, is by way of breach of implied warranty in using and losing the wash pipe friction tool in attempting to clear the hole, and in the second cause of action it is the alleged negligence of defendant in using and losing this same tool which was poorly and improperly manufactured.

It should be clear from the foregoing that whether defendant wasted time and effort in drilling out the plug and deepening the hole is beside the point, although the court found that plaintiff had waived this as a grounds for complaint. The same would also seem to be true of plaintiff's complaint about defendant's failure to make a "tar impression of the stem" in the hole as recommended by an expert, and in connection with which the court found that it "may have been poor judgment" on the part of defendant "but could have been corrected by plaintiff and was not negligence on the part of defendant."

None of the findings of the trial court are attacked here and accordingly they are the facts upon which this decision must rest. Sundt v. Tobin Quarries, 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586; Marrujo v. Martinez, 65 N.M. 166, 334 P.2d 548. No where does plaintiff assert that the findings as made by the court are not supported by substantial evidence, and although defendant complains of plaintiff's failure to set out in his brief all the evidence both favorable and unfavorable on any given matter complained about, as required by Supreme Court Rule 15(6), and we are convinced he is correct in this, nevertheless, we have examined the record and are satisfied that the findings made by the trial court are supported by substantial evidence, and accordingly they will not be disturbed on appeal. Davis v. Campbell, 52 N.M. 272, 197 P.2d 430.

Plaintiff, in his points relied on for reversal contents himself with general claims, (1) that he was entitled to judgment as a matter of law, based on the complaint and the evidence, (2) that the award on the counterclaim should be set aside and any recovery limited to reasonable value for the services, and (3) that if this isn't done, at least defendant should not be permitted to recover charges for extra and unworkmanlike work.

As already stated, the case must be decided upon the facts as found by the court. In view of the court's direct finding that the wash pipe friction tool was "ordered, manufactured and altered" by plaintiff or his representative, it seems that it must follow that the findings and conclusions to the effect that there was no breach of warranty or negligence in defendant's using the tool, or losing it in the hole as a result of its faulty design or manufacture are unassailable. Accordingly, there was no error in finding the issues for defendant.

Concerning, the amount of the judgment on the cross complaint, it should be sufficient answer to point out that defendant made proof of time and effort expended sufficient to support a much larger judgment than the one awarded. It is not clear from the findings made, just

350

which of the charges were not allowed. However, since the court found defendant to be without fault, we do not perceive of any reason why he should not have collected at the agreed contract price for all services performed. It follows that the plaintiff was not prejudiced by the award made.

Finding no error, the judgment is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

NOBLE, J., not participating.