374 P.2d 847

Bill RONE, Plaintiff-Appellee and Cross-Appellant,

v.

CALVARY BAPTIST CHURCH, INC., a corporation, Employer, and the Western Casualty and Surety Company, a corporation, Insurer, Defendants-Appellants and Cross-

Appellees.

No. 7117.

Supreme Court of New Mexico.

Sept. 14, 1962.

Supplemental Opinion Sept. 19, 1962.

Atwood & Malone, Paul Cooter, Roswell, for appellants and cross-appellees.

Bean & Snead, Roswell, for appellee and cross-appellant.

NOBLE, Justice.

This appeal is from a judgment awarding claimant, Rone, workmen's compensation benefits amounting to $4.75 per week for partial permanent disability.

The court found the following facts:

"1. This Court has jurisdiction of the parties and of the subject matter of this action.

"2. That on or about January 20, 1960, Plaintiff was working as a carpenter in the employ of the Defendant Calvary Baptist Church, Inc., and while so employed sustained an injury by accident arising out of and in the course of his said employment. That at the time of the injury, the alleged weekly earnings of the plaintiff were $130.00 per week. That at the time of said injury, the Defendant, The Western Casualty & Surety Company, a corporation, was insurer of the Defendant employer for Workmen's Compensation Coverage.

"3. That following the said injury, the Defendants paid temporary compensation to the Plaintiff in the sum of $38.00 per week from the date of said injury to and including July 17, 1960.

"4. That as a natural and direct result of the said injury, plaintiff has sustained a partial disability in that his wage earning ability was decreased to the extent that since July 17, 1960, the plaintiff has not been able to earn and is not now able to earn in any employment more than the sum of $113.75 per week. The percentage of partial disability under the rule stated in Sec. 59–10–18.3, N.M.S.A., 1953, which plaintiff now suffers [is] .125.

"5. Plaintiff is entitled to receive for his partial disability during the time such disability shall continue, but in no event longer than 500 weeks, the sum of $4.75 per week, this being 12.5% of the benefit payable for total disability, $38.-00 per week.

"6. The plaintiff was forced to employ attorneys to represent him in this action, and a reasonable attorneys fee for plaintiff's attorney is the sum of $750.00."

We shall refer to the parties as they appeared in the trial court. Defendants rely on a single point for reversal which they state thus:

"The trial court erred in finding that there had been a reduction in the claimant's wage earning ability since July 17, 1960, and in awarding the claimant compensation benefits in the sum of $4.75 per week under the New Mexico Workmen's Compensation Act."

As we understand defendants' argument, it is that claimant's post-injury earnings equalled or exceeded his pre-injury earnings and that he is not entitled to any compensation. Defendants refer to certain testimony as to claimant's earnings at various times, both before and after the injury; but neither by the point relied on for reversal nor in their brief do defendants directly attack any of the findings of the trial court as not supported by substantial evidence. It is suggested that the evidence would have supported a finding of a smaller average weekly wage prior to the accident, but defendants do not point to any certain pre-injury average weekly wage less than that found by the court which is claimed

to have been established by undisputed evidence. The same may be said of the argument regarding the post-injury earnings.

██ An examination of the record discloses that defendants requested no finding as to claimant's post-injury earnings and only that his earnings at the time of the injury exceeded $60.00 per week. No objection was made to any finding by the trial court, and under the long-established rule in this jurisdiction, findings of the court, not attacked here, are the facts upon which the case must rest on appeal and are binding on this court. Emmco Ins. Co. v. Walker, 57 N.M. 525, 260 P.2d 712; In re Cox' Estate, 57 N.M. 543, 260 P.2d 909. This rule applies to findings made by the court in a workmen's compensation case, La Rue v. Johnson, 47 N.M. 260, 141 P.2d 321; and the defendant cannot complain on appeal of the findings made by the court. Rule 52(b) (6) of the Rules of Civil Procedure; Teaver v. Miller, 53 N.M. 345, 208 P.2d 156.

██ Claimant has cross-appealed on the sole ground that the trial court improperly computed the benefits to which claimant is entitled under the workmen's compensation statute, but does not argue the question except to refer us to a prior argument in his answer brief. If we correctly understand claimant's position regarding his cross-appeal, it would require an attack on the sufficiency of the evidence to support the find-

**468**

ings as to average weekly wage earned by claimant both before and after the accident. The findings are not directly attacked and, therefore, will not be reviewed on appeal.

The judgment appealed from should be affirmed.

IT IS SO ORDERED.

COMPTON, C. J., and CARMODY, J., concur.

CHAVEZ and MOISE, JJ., not participating.

SUPPLEMENTAL OPINION

PER CURIAM.

■ Attention has been called to our failure to determine whether attorneys fees should be allowed claimant's attorney on appeal. No motion for allowance of attorneys fees was filed. The request appears at the conclusion of claimant's brief and was overlooked by us. In view of the fact that the judgment of the trial court awarding claimant compensation was affirmed, attorneys fees are awarded claimant for the benefit of his attorney on appeal in the sum of $750.00.

IT IS SO ORDERED.

CHAVEZ and MOISE, JJ., not participating.