383 P.2d 581

Reuben R. ALVAREZ, Plaintiff-Appellee,

v.

Ruben P. ALVAREZ and Rebeca Alvarez, his wife, Defendants-Appellants.

No. 7236.

Supreme Court of New Mexico.

July 1, 1963.

Rehearing Denied Aug. 8, 1963.

**338**

Garland & Martin, Las Cruces, for appellee.

Dan Sosa, Jr., Glenn V. Neumeyer, Las Cruces, for appellants.

MOISE, Justice.

Plaintiff brought suit against defendants in two counts. In the first count plaintiff sought specific performance of an alleged parol agreement of the defendants to convey to plaintiff a one-half interest in certain lands patented in the name of the defendants; and in the second count plaintiff, as an alternative, sought a money judgment for amounts allegedly expended in and on the land referred to in the first count.

After trial the court found the issues in favor of plaintiff, and held that the parol agreement had been fully performed by the plaintiff and enforcement was not barred by the statute of frauds. The court further concluded that plaintiff had expended $26,183.80 on the land and was entitled to a lien on the land therefor. A judgment was entered decreeing a lien on the lands to secure plaintiff's expenditures as found, and directing that if within ten days defendants conveyed an undivided one-half interest in the lands in question to plaintiff, the lien would not become effective, otherwise to be of full force and effect.

Defendants have perfected this appeal from the judgment and advance three points for reversal. The first point, being the principal one argued, is generally to the effect that there is no substantial evidence upon which the court could find the existence of an enforceable oral contract to convey land.

Defendants in their brief cite and discuss at length the evidence which they assert cannot support a finding of a parol agreement performed, or such performance as would remove the same from the operation of the statute of frauds.

▇ Plaintiff asserts that there is no attack on the findings and accordingly the findings, as made, are the facts upon which the case must rest in this court. That this is the rule many times repeated by us is clear. See White v. Wheeler, 67 N.M. 346, 355 P.2d 282; Marrujo v. Martinez, 65 N.M. 166, 334 P.2d 548; Rone v. Calvary Baptist Church, Inc., 70 N.M. 465, 374 P.2d 847, to cite a few of our latest cases so holding.

▇ However, we are not so clear that an assertion of absence of substantial

evidence to support a finding of "an enforceable oral contract for the conveyance of land" is not a sufficient attack under Supreme Court Rule 15(6) (§ 21–2–1(15)(6), N.M.S.A.1953) which reads:

"6. Assertion of fact must be accompanied by references to the transcript showing a finding or proof of it. Otherwise the court may disregard the fact.

"A contention that a verdict, judgment or finding of fact is not supported by substantial evidence will not ordinarily be entertained, unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. Such a statement will be taken as complete unless the opposite party shall call attention in like manner to other evidence bearing upon the proposition."

Defendants have set out in their brief with proper references to the transcript a considerable amount of the testimony of the plaintiff concerning the oral agreement, and state that it "is the sum and total of all the evidence in this case bearing on the question of whether there was ever an oral contract to convey lands."

Plaintiff, in his brief, reviews the evidence and asserts that it "constitutes sufficient, substantial evidence to support the court's findings and judgment."

Although defendants did not refer to or set out any particular finding which they were attacking, it is clear that they are complaining of the court's finding of an "enforceable oral contract for the conveyance of land." This is far different from a general attack on all the findings such as we have held insufficient in Hugh K. Gale, Post No. 2182 Veterans of Foreign Wars of Farmington v. Norris, 53 N.M. 58, 201 P.2d 777; Lea County Fair Ass'n v. Elkan, 52 N.M. 250, 197 P.2d 228; Bogle v. Potter, 68 N.M. 239, 360 P.2d 650; Swallows v. Sierra, 68 N.M. 338, 362 P.2d 391. In our view, there has been a sufficient, substantial compliance with Rule 15 (6), quoted above, that we should consider the question of the sufficiency of the evidence. We do not believe that copying of the objectionable finding or findings is required. That to do so would seem to be the best and easiest way to advise the court of the nature of an appellant's complaints concerning a finding would seem to be clear, and we have even suggested that failure to do so, along with other shortcomings, may be decisive. Bogle v. Potter, supra; Town of Mesilla v. Mesilla Design Center and Book Store, Inc., 71 N.M. 124, 376 P.2d 183; Petty v. Williams, 71 N.M. 338, 378 P.2d 376.

Rule 15(6) quoted above was promulgated to insure that where findings are attacked, the briefs would set forth any facts pertinent to the same, and to relieve

this court of any duty to examine a trial record to see if support was present. Hobbs Water Co. v. Madera, 42 N.M. 373, 78 P.2d 1118. We find the brief of appellant here to be a substantial compliance with the purpose and intent of the rule as thus expressed.

In order that the situation may be better understood, a concise recounting of the facts would seem to be in order at this point. In 1955 or 1956 plaintiff and defendant orally agreed to promote and develop desert land entries in the Potrillo Mountain area in Dona Ana County, New Mexico. At that time the parties were residents of El Paso, Texas, so entry to the land in question was made in the name of Edward Alvarez, plaintiff's brother, who lived in New Mexico. In 1957, Edward, desiring to get out of the transaction, asked plaintiff to whom he should assign his entry. Plaintiff, after considering the matter, told him to assign it to plaintiff's son, Ruben P. Alvarez. This was done, the assignment being dated February 7, 1957. The trial court found that before the assignment defendant son agreed that he would convey to his father one-half of whatever he succeeded in patenting, in consideration of the father's assistance in developing so as to qualify for the patent. A patent was issued in 1960 and plaintiff has made demand of the son for conveyance of the one-half interest and has been refused.

Considerable evidence was introduced touching on the amounts of time and money expended by the parties in the promotion and development of the area, and, in addition, evidence was received concerning the dealings had by plaintiff with third parties. The court found that plaintiff had expended considerable sums of money in connection with the development of the land in issue after February 7, 1957, the date of the assignment of the entry to defendant.

Total expenditures made, both before and after February 7, 1957, were found to total $26,183.80, and were for well drilling, casing, pump, motor, grubbing, farming and similar activities connected with developing water and placing the land in cultivation.

The court further found that pursuant to the oral agreement of 1955 and 1956, whereby the parties were to promote and develop desert land entries in the area, it was necessary in order to qualify for patents that the availability of water in sufficient quantity to develop the land be demonstrated; that to this end arrangements were made for the drilling of a well which was completed. Although the findings do not specifically find the date of the drilling of the first well (another was drilled in 1959), it is clear that it was prior to 1957. Also, although the findings do not cover the matter, it is undisputed that during the entire

period, both before 1957 and after, plaintiff and defendant were attempting to interest people in filing on lands in the area, and plaintiff was paid considerable sums to file and process entries for a number of people, the amounts expended in developing the water and getting the land in cultivation being derived from these sources.

The entire proof of an oral contract between plaintiff and defendant to convey a one-half interest in the land patented to defendant is contained in the testimony of plaintiff with such corroboration as is afforded by the proof concerning his activities and expenditures for developing the land patented to defendants. On the other hand, defendant son denied that such an agreement existed. In this, he was corroborated by his mother, the wife of plaintiff, who admittedly is separated from her husband and not on good terms with him.

Under this state of the record, can the court's finding and conclusion of a parol agreement outside the statute of frauds because performed be upheld?

■ There can be no question that the statute of frauds was adopted in New Mexico as a part of the common law. Ades v. Supreme Lodge Order of Ahepa, 51 N.M. 164, 181 P.2d 161; Boswell v. Rio De Oro Uranium Mines, Inc., 68 N.M. 457, 362 P.2d 991.

■ Where an oral contract not enforceable under the statute of frauds has been performed to such extent as to make it inequitable to deny effect thereto, equity may consider the contract as removed from operation of the statute of frauds and decree specific performance. Schauer v. Schauer, 43 N.M. 209, 89 P.2d 521; Lindley v. Lindley, 67 N.M. 439, 356 P.2d 455; Holton v. Reed (10th Cir. 1951), 193 F.2d 390; Whelan v. New Mexico Western Oil & Gas Co. (10th Cir. 1955), 226 F.2d 156.

■ The proof required to establish an oral contract which would not be barred by the statute of frauds must be "clear, cogent and convincing." Paulos v. Janetakos, 41 N.M. 534, 72 P.2d 1; In re Candelaria's Estate, 41 N.M. 211, 67 P.2d 235. Professor Corbin, in his treatise on Contracts, Vol. 2, § 442, says: "Hundreds of cases could be cited asserting that the contract must be proved to the point of demonstration, or by the most convincing evidence, or even beyond a reasonable doubt. See note 101 A.L.R. 923, 998. What is meant by "clear and convincing" has been explained in detail in Lumpkins v. McPhee, 59 N.M. 442, 453, 286 P.2d 299. It would serve no useful purpose to repeat what was there said.

We have also considered the holdings of this court in Whatley v. Colcott, 61 N.M. 455, 302 P.2d 514; Kingston v. Walters, 14 N.M. 368, 93 P. 700, and Shipp v. Thomas, 58 N.M. 189, 269 P.2d 741, relied on by plaintiff, and see nothing in any of these

cases which requires a different conclusion than is reached by us herein.

Defendants also call our attention to two additional rules which they say are here involved. One is to the effect that where the transaction is between parent and child the degree of proof must be even higher than otherwise required. To such effect they cite 37 C.J.S. Frauds, Statute of § 286, p. 826; Kirk v. Ford, 330 Pa. 579, 200 A. 26; Purvis v. Malloy, 129 Fla. 191, 176 So. 71; Nelson v. Nelson, 334 Ill. 43, 165 N.E. 159. However, in the view we take of the instant case, we are not called upon to invoke such a requirement. While defendant Ruben P. Alvarez is the son of the plaintiff, he is a grown man, married with a wife and children, and a college graduate. There is nothing to suggest that his dealings with his father were anything other than on an arm's length basis.

Next, reference is made to the rule enunciated by Justice Cardozo in the case of Burns v. McCormick, 233 N.Y. 230, 135 N.E. 273, which is best stated in the language of the author of the opinion:

"\* \* \* Not every act of part performance will move a court of equity, though legal remedies are inadequate, to enforce an oral agreement affecting rights in land. There must be performance 'unequivocally referable' to the agreement, performance which

alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing.

" 'An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance.' Woolley v. Stewart, 222 N.Y. 347, 351, 118 N.E. 847, 848."

This rule was recognized in In re Candelaria's Estate, supra, where the following language was quoted with approval:

"\* \* \* A court of equity \* \* \* requires that a part performance relied on to take the case out of the statute should be of a character, not only consistent with the reasonable presumption that what was done was done on the faith of such a contract, but also that it would be unreasonable to presume that it was done on any other theory. \* \* \*" For additional cases to like effect see 101 A.L.R. 923, 955.

We are convinced that the record here falls far short of being so clear and convincing as to move a court of equity to specifically enforce the alleged parol agreement. Without attempting in any sense to weigh the evidence, and indulging every favorable inference to which a court's findings and judgment are entitled, we cannot escape the conclusion that

to find an enforceable parol agreement under the facts of this case would go far to nullify and make meaningless the statute of frauds.

■ We fully recognize and are in entire accord with the following language in Kingston v. Walters, supra:

"It is also a well-settled rule that courts of equity are as much bound by the statute of frauds as courts of law, and that they cannot specifically enforce contracts embraced by the statute any more than courts of law can give damages for their nonperformance. But courts of equity have always been clothed with the salutary power of preventing fraud, or affording positive relief against its consequences; by compelling the specific execution of a verbal contract to which the provisions of the statute of frauds apply, where the refusal to exercise it would amount to practicing a fraud."

However, in the instant case we are satisfied that no basis in fact has been proved to support a finding of an oral contract as pleaded, or of such performance as would remove it from operation of the statute.

■ The mere presence of two parol agreements as found by the court, the first for the general promotion of desert land entries, and the second alleged to be for the development of a particular piece of land, and being the basis of the instant suit, with the acts of the parties as readily explainable under one as under the other, casts sufficient cloud on the assertions of plaintiff to require a reversal under the law as reviewed above. Burns v. McCormick, supra. Likewise, the expenditure by the plaintiff of money to develop the property before February 7, 1957, when the entry stood in the name of his brother, Ed Alvarez, was no different than the expenditure after that date when entry had been assigned to defendant, and there is no suggestion that plaintiff had any agreement with Ed Alvarez, or with any other entryman, such as plaintiff claims he had with defendant son. To the contrary, Ed Alvarez specifically denies knowledge of any understanding.

In view of our disposition of defendants' first point, it is not necessary to discuss the additional points argued in their brief.

It follows from what has been said that the cause should be reversed and remanded with directions to enter judgment dismissing plaintiff's complaint.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.