This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANA LUISA MARTINEZ**,

    Plaintiff-Appellee,

v.                                  **NO. 34,039**

**MANUEL LORENZO MUNOZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

Samuel I. Kane
Las Cruces, NM

for Appellee

Perales Law Group
Jose Marcos Perales Pina
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}    Defendant appeals the district court's judgment declaring Plaintiff as the sole

owner of property located in Doña Ana County, New Mexico known as Lot 1, Homesite Estate No. 5, and ordering Defendant to execute a warranty deed to transfer his interest in this property to Plaintiff. Defendant raises twelve issues; however, he does not, as required under Rule 12-213(A)(4) NMRA, provide citations to the record where he preserved the issues, give adequate citations to the record for his factual assertions concerning his arguments, or cite to authority for certain propositions in his brief. Moreover, we have reviewed the district court's findings of fact and conclusions of law, and conclude that the findings support the conclusions. We therefore affirm.

**BACKGROUND**

{2}     Plaintiff filed a complaint for breach of contract, specific performance, declaratory judgment, unjust enrichment, and conversion, requesting that the district court declare Plaintiff as the rightful owner of Lot 1, and order Defendant to execute and deliver a deed transferring his interest in this lot. The district court filed its findings of fact and conclusions of law, and finding in favor of Plaintiff on her claim of unjust enrichment and for declaratory judgment, entered judgment in Plaintiff's favor. Defendant appeals.

{3}     We rely on the following facts from the district court's findings of fact because Defendant has not specifically challenged any of the findings. *See* Rule 12-213(A)(4). In 1983, Plaintiff and Defendant, who are brother and sister, purchased 2.5 acres of

2

land in Doña Ana County, New Mexico as joint tenants. Plaintiff and Defendant lived in a mobile home on the property with Plaintiff's daughter and their mother and three younger siblings. As time passed, Plaintiff wanted her own home in order to provide for her daughter's future. Plaintiff paid for the building of a house located on a specific area of property later known as Lot 1, and supervised its construction. None of Plaintiff's family members, including Defendant, contributed to the cost of the house. The building permit was issued under Plaintiff's name, as well the certificate of occupancy once the house was completed. Plaintiff's entire family moved into the newly constructed home, and it was referred to as "[Plaintiff's] house."

{4} In 1991, Plaintiff and Defendant subdivided the property into three different lots—Lots 1, 2, and 3. Plaintiff moved out of the house on Lot 1 in 1990 to live with her new husband. Defendant was building a house on Lot 2 and moved into the unfinished home a few years later. The parties sold Lot 3 to their sister, and their mother is the only individual who has continually resided in the house on Lot 1.

{5} Although Plaintiff moved out of the residence on Lot 1, she maintained a homeowner's insurance policy on the house. Plaintiff also paid all the taxes on Lot 1, except when Defendant paid one-half of the taxes in 2012 and 2013. Plaintiff also paid the maintenance and repair work on Lot 1. According to Plaintiff's daughter,

Defendant, who acted as her father while growing up, repeatedly told her that her mother worked hard and sacrificed to provide for her welfare.

**{6}** In 2002, Defendant asked Plaintiff to deed her interest in Lot 2 to him. Plaintiff did not request nor did Defendant offer any compensation to transfer her interest in Lot 2. Plaintiff deeded her interest in Lot 2 to Defendant, believing that she owned the house on Lot 1, and that Defendant would transfer his interest in Lot 1 to her. In January 2012, when Plaintiff requested that Defendant deed his interest in Lot 1 to her, Defendant responded that he needed to know the boundary lines of Lot 2 before he could do so, and asked Plaintiff to obtain a survey of the land. Plaintiff acquired a survey, and again asked Defendant to transfer his interest in Lot 1 to her. Defendant refused to do so, saying he believed that Plaintiff would place their Mother in a nursing home as soon as the transfer was complete. Plaintiff never expressed any interest in placing their Mother in a nursing home. Later, Defendant offered to transfer his interest in Lot 1 if Plaintiff paid him $25,000.

**Analysis**

**{7}** Defendant raises twelve issues in this appeal, but he has failed to comply with Rule 12-213(A)(4) in his brief. An appellant's brief must contain:

> [A]n argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review, the contentions of the appellant[,] and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper,

transcript of proceedings or exhibits relied on. Applicable New Mexico decisions shall be cited. The argument shall set forth a specific attack on any finding, or such finding shall be deemed conclusive. A contention that a verdict, judgment or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence.

Rule 12-213(A)(4). Here, Defendant does not show where, in the record, he specifically raised the issues in the district court. *See Crutchfield v. N.M. Dep't of Taxation & Revenue.*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). Defendant also does not provide adequate citations to the record supporting his factual assertions for his arguments. *See Wachocki v. Bernalillo Cty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 15, 147 N.M. 720, 228 P.3d 504 ("Where a party fails to cite any portion of the record to support its factual allegations, the Court need not consider its argument on appeal."). Finally, Defendant does not give any authority for certain propositions in his brief, and we therefore do not consider them on appeal. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969.

**{8}** In any event, we have reviewed the district court's findings of fact and conclusions of law, and in doing so, we conclude that the district court's findings

5

support its conclusions on the unjust enrichment claim. *See Credit Inst. v. Veterinary Nutrition Corp.*, 2003-NMCA-010, ¶ 17, 133 N.M. 248, 62 P.3d 339 ("We review the [district] court's grant of equitable relief under an abuse of discretion standard."). Defendant has not specifically contested any of the district court's findings of fact, and they are therefore binding on appeal. *See* Rule 12-213(A)(4).

{9}     The district court found that the parties had an oral contract for the transfer of their respective interests in Lots 1 and 2 to the other. Whether an oral contract was proven is a question of fact. *See Segura v. Molycorp, Inc.*, 1981-NMSC-116, ¶ 26, 97 N.M. 13, 636 P.2d 284 ("The evidence was sufficient to establish an oral contract. Therefore, the court properly submitted the issue to the jury."). As such, we view facts "in light most favorable to the prevailing party, indulge in all reasonable inferences in support of the finding, and will disregard all inferences or evidence to the contrary." *Pacheco v. Martinez*, 1981-NMCA-116, ¶ 23, 97 N.M. 37, 636 P.2d 308. The district court's findings establish that Plaintiff paid for the construction of the house on Lot 1 where she received the building permit and certificate of occupancy in her name; that the parties' family members, including Defendant, referred to this house as "[Plaintiff's] house"; that Plaintiff paid for the homeowner's insurance policy, the maintenance, the repair work, and the vast majority of the taxes on the house; that Defendant built and moved into his own house on Lot 2; that Defendant requested

6

Plaintiff to deed her interest in Lot 2; that Plaintiff transferred her interest to Defendant without compensation in which she believed Defendant would transfer his interest in Lot 1 to her; that when Plaintiff asked Defendant to do so, Defendant demanded a survey to establish the boundary lines before he would transfer the interest. These findings support the conclusion that an oral agreement existed between the parties to transfer their respective interest in Lots 1 and 2 to the other. These unchallenged findings also support the conclusion that Defendant would be unjustly enriched if the agreement was not enforced. *See Buke, LLC v. Cross Country Auto Sales, LLC*, 2014-NMCA-078, ¶ 45, 331 P.3d 942 ("A plaintiff claiming unjust enrichment must show that (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust."(internal quotation marks and citation omitted)).

{10}     The district court also properly concluded that the statute of frauds is inapplicable in this case. *See Beaver v. Brumlow*, 2010-NMCA-033, ¶ 13, 148 N.M. 172, 231 P.3d 628 ("Applicability of the statute of frauds raises a question of law, which we review de novo."). As discussed in *Brumlow*, New Mexico has adopted the statute of frauds in common law, which states:

> No action shall be brought upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, signed by the party to

7

be charged therewith, or by some person thereunto by him lawfully authorized.

*Id.* ¶ 16 (alteration, internal quotation marks, and citation omitted). However, we have recognized in New Mexico the well-established exception of part performance. *Id.* ¶ 17. "Where an oral contract not enforceable under the statute of frauds has been performed to such extent as to make it inequitable to deny effect thereto, equity may consider the contract as removed from operation of the statute of frauds and decree specific performance." *Alvarez v. Alvarez*, 1963-NMSC-124, ¶ 18, 72 N.M. 336, 383 P.2d 581. Here, Plaintiff transferred her interest in Lot 2 to Defendant without compensation believing that Defendant would deed his interest in Lot 1, and had a survey conducted on the boundary lines based on Defendant's condition of transferring interest in Lot 1. We conclude, and Defendant does not present any authority to the contrary, that Plaintiff sufficiently performed the oral agreement to permit the district court, as a court of equity, to order the remedy of specific performance. *See id.* ¶ 23 ("A court of equity requires that a part performance relied on to take the case out of the statute should be of a character, not only consistent with the reasonable presumption that what was done was done on the faith of such a contract, but also that it would be unreasonable to presume that it was done on any other theory." (alteration, internal quotation marks, and citation omitted)).

**{11}** Because Defendant did not comply with Rule 12-213(A)(4), and because the district court's findings support its conclusion that Defendant was unjustly enriched, requiring specific performance of the oral agreement, and the statute of frauds is not a bar to Plaintiff's claims, we affirm the district court's judgment.

**{12}** We conclude by briefly addressing Defendant's remaining arguments. Defendant argues a violation of the statute of limitation under NMSA 1978, Section 37-1-4 (1880); however, Defendant does not present any authority that this statute applies to unjust enrichment claims. *See Robertson v. Carmel Builders Real Estate*, 2004-NMCA-056, ¶ 49, 135 N.M. 641, 92 P.3d 653 ("Absent cited authority, we will not review the issue."). In addition, Defendant complains of Plaintiff's untimely notification of witnesses two days before trial, but cites to inapplicable authority on the standard of review and two-prong test for the exclusion of undisclosed witnesses prior to the trial date. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). Defendant also contests the district court's conclusion that a remedy is available under NMSA 1978, Section 42-4-17 (1878), but this conclusion of law is irrelevant to the district court's decision in the present case. *See Tartaglia v. Hodges*, 2000-NMCA-080, ¶ 65, 129 N.M. 497, 10 P.3d 176 ("The court's conclusion is a rebel without a cause. Even were it erroneous, it is not

necessary to the court's decision, and it is not a basis for reversal."). Any other arguments from Defendant do not comply with Rule 12-213(A)(4) and are either unclear, underdeveloped, or both. We therefore do not consider them on appeal. *See id.*

**CONCLUSION**

{13}    The order of the district court is affirmed.

{14}    **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**